■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LONNIE DEGRAFINREED and BERTRAND WALTON, Appellants.— Motion by appellants, pursuant to statute (Code Crim. Pro., § 456, subd. 2), to direct the Clerk of the trial court to furnish appellants' counsel, without charge, with a transcript of the minutes of the hearing upon appellants' motion, made prior to their plea of guilty, to suppress evidence. Motion granted; the Clerk of the trial court is directed to furnish the transcript of said minutes; they constitute a part of the judgment roll (*People* v. *Acevedo,* 19 A D 2d 829). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

## (December 23, 1963)

■ SAMUEL C. ALPERT, Appellant, v. HELEN ALPERT, Respondent.— In an action by a husband for a judicial separation, in which the wife asserted a counterclaim for divorce, and in which judgment was entered on her counterclaim, granting her a divorce and awarding to her alimony of $30 per week, the husband appeals, as limited by his brief: from so much of an order of the Supreme Court, Queens County, dated June 18, 1963, as granted the wife's motion by: (a) modifying said judgment so as to increase such alimony to $120 per week; (b) directing that such increase be paid as of May 27, 1963, the return date of the motion; and (c) awarding to her a counsel fee of $1,000 upon the motion. The husband also brings up for review, pursuant to statute (CPLR 5517, subd. [b]), so much of an order of said court, made August 2, 1963 upon reargument, as adhered to the foregoing disposition. Appeal from order of June 18, 1963 dismissed; that order was superseded by the order of August 2, 1963 made upon reargument. Order of August 2, 1963, insofar as appealed from, reversed, without costs; and the wife's motion, insofar as she seeks to modify the judgment by increasing the alimony and insofar as she seeks a counsel fee, is remitted to the Special Term: (1) for the purpose of holding a plenary hearing as to: (a) the income and assets of the respective parties, both current and as of the time of the trial; (b) their respective needs and standards of living, then and now; (c) the changes, if any, in their circumstances since the date of the trial; and (d) all other facts relevant to the issue whether any increase in the alimony is warranted, and if so, in what amount; and (2) for the purpose of making a determination *de novo,* on the basis of all the proof adduced, of the wife's motion insofar as she seeks an increase in the alimony and a counsel fee. In our opinion, the conflicting affidavits submitted by the respective parties do not contain sufficient facts to support a proper determination on the merits of the wife's motion either with respect to an increase in alimony or with respect to a counsel fee. Hence, a hearing must be held for the purpose of developing all the relevant facts indicated above. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.