■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM FIELDS, Appellant-Respondent, v WILLIAM C. QUICK, as Superintendent of Walkill Correctional Facility, Respondent-Appellant.—Appeal by petitioner from a judgment of the Supreme Court at Special Term, entered July 25, 1978 in Ulster County, which dismissed a petition for a writ of habeas corpus, and cross appeal by respondent from so much of an order of the Supreme Court at Special Term, entered October 23, 1978 in Ulster County, as ordered that a parole violation warrant be dismissed with prejudice. In July, 1970, petitioner was sentenced to an indeterminate term of imprisonment of 3⅓ to 10 years following his conviction of the crime of manslaughter in the first degree. He was released on parole in November, 1974, and was thereafter arrested on a charge of criminal possession of a dangerous weapon. After he was released on bail, petitioner's parole was revoked based on the subsequent criminal charge. From August 16, 1976 until November 10, 1976, petitioner was confined in jail under a parole violation warrant. On November 10, 1976, he was sentenced to an indeterminate term of two to four years on his conviction for criminal possession of a weapon in the third degree. Although petitioner has not received a final parole revocation hearing, he did receive a parole eligibility hearing in March, 1977. Petitioner sought a writ of habeas corpus requesting that the parole violation warrant be dismissed. Petitioner also sought, upon the granting of his writ, a credit for jail time against his second sentence for his period of incarceration pursuant to the parole revocation warrant. By an order of Special Term, entered July 25, 1978, the petition was dismissed. Petitioner moved to reargue and by order of Special Term, entered October 23, 1978, the petition was granted to the extent that the parole violation warrant was dismissed with prejudice and the petition was in all other respects dismissed. Petitioner appeals from the order entered July 25, 1978, and respondent appeals from so much of the order entered October 23, 1978 as dismissed the parole violation warrant with prejudice. Petitioner's appeal from the order entered July 25, 1978 must be dismissed due to the fact that said order was superseded by order entered October 23, 1978 made upon reargument *(Matter of Shapiro v Chase Manhattan Bank, N. A.,* 53 AD2d 542; *Alpert v Alpert,* 20 AD2d 560). Concerning the failure of petitioner to receive a prompt final revocation hearing, his receipt of a parole eligibility hearing rendered such failure academic *(People ex rel. Schmidt v La Vallee,* 39 NY2d 886). Consequently, Special Term improperly dismissed the parole violation warrant. Petitioner's contention regarding jail time credit is premised on the dismissal of the parole violation warrant. Having determined

that such warrant was improperly dismissed, we need not now consider petitioner's argument on this issue. Appeal from order entered July 25, 1978 dismissed as moot, without costs. Order entered October 23, 1978 modified, on the law, by striking so much thereof as dismissed the parole violation warrant, with prejudice, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.