In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF THE COUNTY OF ERIE, on Behalf of DONNA SMITH, Appellant, v TIMOTHY O'NEIL, Respondent.

Fourth Department, July 11, 1983

**APPEARANCES OF COUNSEL**

*Eugene F. Pigott, Jr., County Attorney (Richard Usen of counsel), for appellant.*

*Ralph Mohr for respondent.*

**OPINION OF THE COURT**

HANCOCK, JR., J. P.

As a result of the 1981 amendment to subdivision (a) of section 532 of the Family Court Act, a party in a paternity proceeding may move for an order requiring a human leucocyte antigen blood tissue test (HLA test)[1] of any other party and the results of such a test are admissible as affirmative evidence of paternity.[2] Not surprisingly, the amendment has led to controversies like the one before us

---

1. See, generally, 10 Fam L Q 247; Herzog, The HLA Test: New Method for Resolving Disputed Paternity Cases, 55 [No. 4] NY St Bar J 34.

2. The 1981 amendment to section 532 (L 1981, ch 9, § 2) creates for the HLA blood tissue test an exception to the rule that the results of blood grouping tests may be admitted into evidence in paternity proceedings only where definite exclusion is established (see Family Ct Act, § 532, subd [a]). An identical provision (L 1981, ch 9, § 1)

where the respondent has refused to submit to the test and the petitioner has moved for an order compelling him to do so. Family Court has denied the request for such order and petitioner, the Commissioner of Social Services of the County of Erie on behalf of the mother, has appealed.

There appears to be no doubt that section 532, insofar as it authorizes the court to compel an unwilling party to submit to a test, the results of which may be used in evidence against him, is not violative of the privilege against self incrimination (see *Schmerber v California,* 384 US 757, 760-765). Indeed, we have recently so held (*Matter of Commissioner of Social Servs. of County of Erie* [*Laura N.*] *v Stephen H.,* 94 AD2d 936; accord *Matter of Jane L. v Rodney B.,* 108 Misc 2d 709, 713, n 6; *State v Meacham,* 93 Wn 2d 735).

The question whether the statute runs afoul of the Fourth Amendment, a question not addressed in *Matter of Commission of Social Servs. of County of Erie* (*Laura N.*) *v Stephen H.* (*supra*), requires more discussion. It is established that the administration of a blood test implicates the individual's right "to be secure in [his] person * * * against unreasonable searches and seizures" (US Const, 4th Amdt) and that, to withstand constitutional scrutiny, it must be "justified in the circumstances" and "made in a * * * proper manner" (*Schmerber v California, supra,* p 768). We agree with the court in *Matter of Jane L. v Rodney B.* (*supra,* pp 711-713) that the minimal intrusion involved in compulsory administration of the HLA test is justified on the basis of the State's "deep, pervasive and abiding interest in the welfare of its children" (*Matter of Jane L. v Rodney B., supra,* p 712) and, additionally, in some cases, its interest in the conservation of public assistance funds (see, also, *State v Meacham, supra,* pp 737, 738). The propriety of the manner of performing the test, which, under section 532, must be done by "a duly qualified physician" or a "qualified public health officer", will in most cases pose no problem (see *Matter of Jane L. v Rodney B., supra,* pp 711-712). Thus, where a proper showing is made that the circum-

permitting affirmative use of the HLA test was added to subdivision (a) of section 418 of the Family Court Act which concerns child support proceedings and commits to the discretion of the court the determinations whether to order tests and whether to receive results of tests other than the HLA test which definitely exclude paternity.

stances of the particular case warrant compulsory administration of the test, an order to that effect is consistent with the respondent's Fourth Amendment rights.

The precise question before us is: what showing must be made to warrant compelling an individual to submit to an HLA test? In our opinion *Matter of Jane L. v Rodney B.* (*supra,* pp 713-714) has established the proper minimum requirement that: "there [must] be a prima facie showing of the mother's sexual intercourse with the alleged father during the period when conception must have occurred." (See, generally, *Schmerber v California, supra,* holding that police were justified in requiring petitioner to submit to a blood test where they had probable cause to arrest him for driving while intoxicated; *Matter of Abe A.,* 56 NY2d 288, holding that a court may order that physical evidence be taken from a suspect in a criminal case where there is probable cause to believe that he committed a crime.) Unlike the application in *Matter of Commission of Social Servs. of County of Erie (Laura N.) v Stephen H.* (*supra*) which was supported by a sworn affidavit by the mother alleging sexual intercourse with the respondent at the probable time of conception, the papers before us contain no sworn allegations of facts which could constitute a prima facie showing of paternity. Here there is no petition or affidavit from the mother. The petition consists of the bare assertion — made by a representative of the commissioner "upon information and belief" — that respondent "is the father" of the child. No further details are supplied, and under the *Matter of Jane L.* rule, which we adopt, the petition is clearly insufficient. For this reason, the order should be affirmed without prejudice to a renewed application.

CALLAHAN, DENMAN, MOULE and SCHNEPP, JJ., concur.

Order unanimously affirmed, without costs, in accordance with opinion by HANCOCK, JR., J. P.