■ In the Matter of NANCY PRATT, on Behalf of REBECCA T., Respondent, v ROBERT SCHRYVER, Appellant. — Order unanimously affirmed, without costs. Memorandum: On appeal from an order of filiation which adjudicated respondent the father of petitioner's son, respondent claims that Family Court erred in (1) vacating its prior order which had dismissed the petition for failure of proof and (2) permitting the results of a human leucocyte antigen blood tissue test (HLA) to be introduced at a subsequent hearing. Shortly after entry of an order dismissing the petition herein, counsel for petitioner became aware of an amendment to subdivision (a) of section 532 of the Family Court Act to permit introduction of HLA test results as affirmative proof of paternity. The amendment became effective on March 2, 1981, prior to the original hearing on March 30, 1981. Petitioner moved to vacate the prior order and reopen the proceedings so as to permit introduction of HLA test results into evidence. Family Court vacated its prior order and decision "as an exercise of its inherent power in the interest of justice" pursuant to CPLR 4404 (subd [b]).

The court reasoned that the possible impact of the amendment on the rights of the infant and the obvious advantage to the court in having the results of the HLA test, a highly accurate scientific method for determining paternity, were overriding and persuasive reasons for vacating its prior order. We agree. CPLR 4404 (subd [b]) permits a court, sitting in a matter which is not triable as of right by jury, "on its own initiative * * * [to] set aside its decision or any judgment entered thereon." The court may make new findings, take additional testimony and render a new decision, the purpose being "to afford the trial judge, who has heard the testimony and is familiar with the case, a chance to reconsider his decision at the close of the trial" (4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.36). ¶ The statute sets no standards for determining when a court may set aside its own judgment, leaving the circumstances for doing so within the discretion of the court. That discretion was properly exercised in the instant matter. ¶ It is clear that the amendment to section 532 is remedial in nature and that the intent of the Legislature was that it be applied to cases pending at the time of its enactment (see *Matter of Debbie L. K. v Wayne Y.*, 96 AD2d 888, mot for lv to app den 60 NY2d 558; *Merrill v Ralston*, 95 AD2d 177, 179-181; see, also, McKinney's Cons Laws of NY, Book 1, Statutes, § 55). In view of the strong policy reasons in favor of admitting HLA test results, and the fact that both counsel and court were unaware that such evidence could be introduced as affirmative proof at the time of the hearing, it was not an abuse of discretion for the court to vacate its order and grant petitioner's request for an HLA test. ¶ There is no merit to respondent's additional arguments that his Fifth Amendment privilege against self incrimination was violated (see *Matter of Commissioner of Social Servs. of County of Erie v Bailey,* 96 AD2d 1147; *Matter of Commissioner of Social Servs. of County of Erie v Stephen H.,* 94 AD2d 936; *Matter of Commissioner of Social Servs. of County of Erie v O'Neil,* 94 AD2d 480) or that there is a conflict between sections 531 and 532 of the Family Court Act (see *Matter of Department of Social Servs. v Thomas J. S.,* 100 AD2d 119, 126-128). (Appeal from order of Genesee County Family Court, Graney, J. — paternity.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.