■ In the Matter of ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MARIETTA P. SOUSIS, Respondent, v THOMAS SEEBERGER, Appellant.—Weiss, J. Appeal from an order of the Family Court of Albany County (Cheeseman, J.), entered May 8, 1984, which directed that respondent submit to a human leucocyte antigen blood-grouping test pursuant to Family Court Act § 532 (a).

On this appeal, we are required to decide (1) whether to accept or reject an appeal from a nonfinal order of Family Court, and (2) if we do accept the appeal, whether an order made in a paternity proceeding requiring that respondent submit to a human leucocyte antigen (HLA) blood-grouping test is violative of respondent's privilege not to testify under Family Court Act § 531, his 5th Amendment privilege against self-incrimination, his 4th Amendment protection against unreasonable searches and seizures, or his constitutional right to privacy.

Since the subject order is not an order of disposition, per-

mission from this court to appeal is required (Family Ct Act § 1112). Due to the importance of the issue presented, we will consider the appeal as including an application for leave to appeal and grant same nunc pro tunc (*see, Bohen v Auerbach,* 51 AD2d 542). For the reasons stated, we conclude that Family Court's order requiring respondent to submit to the HLA blood test was correct.

Initially, we note that this court has held that no conflict exists between Family Court Act § 532, which permits a court to order parties in a paternity proceeding to submit to one or more blood-grouping tests, and section 531, which states that "the respondent shall not be compelled to testify" (*Matter of Leromain v Venduro,* 95 AD2d 80, 81; *see, Matter of Department of Social Servs. v Thomas J. S.,* 100 AD2d 119, 128, *appeal dismissed* 63 NY2d 675 [the 1981 amendment to Family Ct Act § 532 indicates either that the Legislature created an exception to the privilege against self-incrimination or, more likely, viewed the amendment as falling completely outside the scope of the prohibition against testimonial compulsion contained in section 531 and defined in *Schmerber v California,* 384 US 757]; *see also, Matter of Pratt v Schryver,* 103 AD2d 1016, 1017).

Equally unpersuasive is respondent's argument that his 5th Amendment privilege against self-incrimination would be violated by requiring him to submit to the HLA test. That privilege only protects someone from being compelled to provide evidence of a testimonial or communicative nature. There is no proscription against the withdrawal of blood and use of the analysis as evidence (*see, Schmerber v California, supra,* pp 761-763; *Matter of Pratt v Schryver, supra; Matter of Department of Social Servs. v Thomas J. S., supra*).

Respondent's argument that his 4th Amendment protection against unreasonable searches and seizures would be violated by compulsory submission to an HLA blood test, while lacking merit, presents a novel contention predicated upon his fear and concern for his health. Our courts have held that upon " 'a prima facie showing of the mother's sexual intercourse with the alleged father during the period when conception must have occurred' ", an order requiring a blood test in a paternity proceeding will withstand constitutional scrutiny against the individual's right to be secure in his person against unreasonable searches and seizures in violation of the 4th Amendment (*Matter of Commissioner of Social Servs. v O'Neil,* 94 AD2d 480, 482, quoting *Matter of Jane L. v Rodney B.,* 108 Misc 2d 709, 713-714; *see also, Schmerber v California,*

*supra* [the test must be justified under the circumstances and made in a proper manner]). In *Winston v Davis* ( — US —, 53 USLW 4367), the United States Supreme Court stated that the 4th Amendment neither forbids nor permits all intrusions, and noted that its function is to constrain against intrusions which are not justified in the particular circumstances or which are made in an improper manner. The *Winston* court, citing *Schmerber v California (supra)*, found that "a search for evidence of a crime may be unjustifiable if it endangers the life or health of the suspect" (*supra*, p —, p 4369). Numerous courts have recognized the crucial importance of this factor (*e.g., People v Smith*, 80 Misc 2d 210 [surgery refused because of medical risk]; *Bowden v State*, 256 Ark 820, 823, 510 SW2d 879, 882; *State v Allen*, 277 SC 595, 291 SE2d 459).

Respondent argues that his employment as a correction officer in a penal institution places him in direct contact on a daily basis with individuals considered to be at high risk of contracting Acquired Immune Deficiency Syndrome (AIDS), a fatal disease, and that a puncture of his skin in the performance of an HLA blood test would further increase his risk of contracting AIDS. In *Winston v Davis (supra)*, permission was sought to perform extensive surgery under general anesthesia to probe for and recover a bullet lodged deep in muscular tissue in the defendant's chest. Specific risks of temporary or permanent nerve damage and a slight risk of death led the court to balance the extent of the intrusion on the defendant's privacy interests with the State's need for the evidence, and it concluded that a compelled surgical intrusion of such magnitude may be unreasonable (*Winston v Davis, supra*, p —, p 4369). We find little comparison between the compelled surgical intrusion sought in *Winston v Davis (supra)* and the performance of an HLA blood test sought here. Rather, the HLA blood test more closely parallels the test for blood alcohol content permitted in *Schmerber v California (supra)*. We find little merit in the argument that respondent's risk of contracting AIDS would be increased any more than if he cut himself while shaving or incurred a physical wound in confrontations with inmates, which he concedes occur daily.

Finally, the State's "deep, pervasive, and abiding interest in the welfare of its children" (*Matter of Jane L. v Rodney B., supra*, p 712) and its interest in the conservation of public funds (*Matter of Commissioner of Social Servs. v O'Neil, supra*) justifies the production of reliable evidence in these paternity proceedings as a legitimate interest of the State.

Order affirmed, without costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.