■ In the Matter of CHRISTOPHER LEROMAIN, Appellant, v LUCY VENDURO, Respondent.—Mahoney, P. J. Appeal from an

order of the Family Court of Albany County (Coffey, Jr., J.), entered June 18, 1984, which, in a proceeding pursuant to Family Court Act article 5, denied petitioner's motion to compel respondent and her child to submit to certain red blood cell tests.

On December 14, 1981, a female child was born to respondent, who was unmarried. Petitioner, claiming that he is the child's father, commenced a paternity proceeding in Family Court and also petitioned for visitation rights. Thereafter, petitioner moved for an order requiring respondent and the child to submit to a human leucocyte antigen (HLA) test. Family Court denied the motion. This court reversed, holding that the statutory requirement that a party submit to a blood grouping test (Family Ct Act § 532) did not conflict with the statutory provision that a respondent in such proceedings could not be compelled to testify (*Matter of Leromain v Venduro,* 95 AD2d 80). The HLA test was conducted and the result indicated a 93.4% probability of paternity. On February 28, 1984, petitioner moved to compel respondent and the child to submit to additional tests (Family Ct Act § 532). Family Court denied the motion. This appeal by petitioner ensued.

Initially, we note that since the subject order is not an order of disposition, permission to appeal is required (Family Ct Act § 1112 [a]; *see, Matter of Albany County Dept. of Social Servs. v Seeberger,* 112 AD2d 674). Due to the importance of the issue presented, we will consider the appeal papers as including an application for leave to appeal and grant same nunc pro tunc.

Petitioner's contention that respondent and her child should be required to submit to additional HLA tests is supported by a 1984 amendment to the Family Court Act. Family Court Act § 532 (a), as amended, provides that the court shall advise parties to paternity proceedings of their right to "one or more blood genetic marker tests" and shall order, on its own motion or that of any party, that the parties and child submit to one or more tests to determine whether paternity can be excluded. The amended provision further prescribes that, except where paternity has been excluded by another blood test: "the laboratory and statistical results of the human leucocyte blood tissue test (either separately or in combination with the laboratory and statistical results of any other blood genetic marker test or tests including, without limitation, red blood cell antigens, red blood cell serum protein, and red blood cell enzyme tests) may be received in evidence to aid in the determination of whether the alleged father is or is not the father of the child" (Family Ct Act § 532 [a], as amended by L

1984, ch 792). The 1984 amendment clearly enlarges the right of the parties to a paternity proceeding, as well as the right of the court when in its discretion the interest of justice will be served, to obtain additional scientific evidence so as to "increase the odds of more accurately establishing paternity" (Legislative Memorandum, 1984 NY Legis Ann at 261). Most importantly, the 1984 amendment now permits the use of red blood cell antigens, red blood cell serum protein and red blood cell enzyme tests to be used in combination with the HLA test to determine paternity. The legislative history of the amendment reveals the Legislature's confidence in the additional tests as an accurate gauge tending to establish paternity.

Since the 1984 amendment to Family Court Act § 532 is remedial in nature, and since this proceeding was pending as of the amendment's effective date, the amendment should be applicable to this case (see, Matter of Pratt v Schryver, 103 AD2d 1016, 1017). While petitioner had already moved for one HLA test, since both applications predated the statutory change and since important parental rights are at stake, we conclude that respondent and her child should be compelled to submit to the second blood test in the interest of justice.

Order reversed, on the facts, without costs, motion granted, and respondent and child are ordered to submit to a second blood test at a time and date to be fixed by the Family Court of Albany County. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.