■ In the Matter of SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MAUREEN E., Respondent, v ROBERT J., Appellant—Kane, J. P. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered January 28, 1985, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of the child born to Maureen E.

On April 27, 1982, Maureen E. (hereinafter the mother) gave birth to a son. The mother was on public assistance for

three months in 1982 and then went back on and has been on public assistance since March 1983. When the mother applied for public assistance in 1983, she informed petitioner that her husband, whom she had been separated from since May 1981, was the father of the child. Petitioner commenced paternity proceedings against her husband. However, a blood test excluded her husband as the father of the child. Consequently, petitioner again asked the mother who the father might be and she stated that if it was not her husband it must be respondent. The mother filled out a questionnaire provided by petitioner to that effect. At trial, the mother admitted that the questionnaire was incorrect insofar as she stated that the first time she met respondent was July 20, 1981, when in fact, she had met him in 1980. A paternity petition was filed with Family Court by petitioner stating that, based on the information and belief of petitioner, respondent is the father of the subject child. Family Court issued a summons to respondent, to which he answered to the effect that he did not have "access" to the mother.

It appears from the record that on February 27, 1984, during an appearance in court on respondent's motion to, *inter alia,* take a pretrial examination of the mother, Family Court ordered respondent to submit to a blood test for paternity evaluation. There is no indication in the record how the subject of a blood test came before the court nor is there any affidavit in support of any motion for such test. The blood test found the probability of paternity to be 99.96% and concluded that respondent is practically proven to be the biological father of the subject child. Respondent thereafter demanded a bill of particulars in which the mother alleged that respondent was the father of the subject child and that she had sexual intercourse with him during the possible period of conception.

At the trial of this matter, the results of the blood test were admitted into evidence. Respondent objected to the admission of such evidence on the ground that there was no affidavit filed by the mother alleging that sexual intercourse had occurred between her and respondent. Family Court relied in part on the results of the blood test for its decision finding respondent to be the father of the subject child. An order of filiation was entered and this appeal ensued.

Respondent argues that it was a violation of his rights under the US Constitution 4th Amendment for Family Court to have ordered him to submit to a blood test where no prima facie evidence was offered showing that he had sexual rela-

tions with the mother. We agree *(see, Matter of Commissioner of Social Servs. of County of Erie v O'Neil,* 94 AD2d 480; *see also, Matter of Albany County Dept. of Social Servs. v Seeberger,* 112 AD2d 674, 675).

Petitioner did not present a prima facie showing at the time the blood test was ordered. Rather, the paternity petition was based only upon information and belief. Although, as argued by petitioner, it can only practically submit a petition based upon information which is provided by the recipient of public assistance, nothing prevents a social services agency, or petitioner in this case, from including with the petition an affidavit by the natural parent establishing a prima facie case. Accordingly, in our opinion, the blood test was improperly ordered, as there was no prima facie evidence offered at that time showing that respondent had sexual relations with the mother. However, suppression of the results of the blood test, which would occur in a criminal context when a search is not based on probable cause, is not warranted here.

The court in *Matter of Commissioner of Social Servs. of County of Erie v O'Neil* (94 AD2d 480, *supra)* affirmed the denial of the motion for the blood test *without prejudice to a renewed application (id.,* at p 482). Accordingly, the petitioner therein was given another opportunity to apply for a blood test with the proper supporting evidence. If respondent herein had attempted to appeal from Family Court's order directing a blood test (Family Ct Act § 1112), presumably this court would have reversed and granted petitioner leave to reapply. Respondent, however, did not attempt to appeal Family Court's order, and thus submitted to the blood test. A prima facie case was thereafter established when the mother submitted a bill of particulars. In sum, we hold that the criminal law exclusionary rule does not apply to a paternity proceeding where the underlying objective is the welfare of the child *(see, Matter of Martine S. v Anthony D.,* 120 Misc 2d 567, 572). The order should therefore be affirmed.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.