■ In the Matter of JAMES McCAFFREY, as Commissioner of the Albany County Department of Social Services, on Behalf of STEPHANIE W., Appellant, v JAMES X., Respondent.—Weiss, J. Appeal from an order of the Family Court of Albany County (Cardona, J.), entered August 3, 1988, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Stephanie W.

Following a hearing, the paternity petition was dismissed upon Family Court's determination that it had not been shown by clear and convincing proof that respondent fathered the child born to Stephanie W. The basis of petitioner's appeal is the denial of a midhearing motion to direct the parties and the child to submit to a further blood-grouping test to supplement the results of an HLA blood test which indicated a 86.9% chance that respondent was the child's father. The electrophoresis test indicated a 99% probability that respondent was the father. Taken together, the test results showed a 90.4% likelihood of respondent's paternity. The motion was denied as being untimely and made without justifiable excuse for the late application.

Petitioner primarily contends that Family Court erred in denying the motion for a further blood test. We note that an earlier proceeding commenced in January 1987 was dismissed on October 26, 1987 without prejudice because petitioner was not ready to proceed to trial. Hearing days on the instant petition were held on March 28, 1988, April 15, 1988 and May 6, 1988. Petitioner had completed his case and rested, and respondent had already put in one hearing day on his case when petitioner moved for the additional tests on April 18, 1988. The initial blood tests had been conducted in March 1987 and received by Family Court on April 24, 1987. Al-

though the court was well aware of Family Court Act § 532 (a) as amended in 1984 (L 1984, ch 792, § 2) and of this court's decision in *Matter of Leromain v Venduro* (114 AD2d 634), it nevertheless believed the instant request was "certainly not timely and [with] no justifiable reasons * * * set forth for such a late application".

Petitioner argues that since the paternity statutes are intended, *inter alia,* to protect public funds, welfare officials should be given the widest latitude to establish paternity of an illegitimate child who, in this proceeding, is a public charge *(see, Matter of Van Alstyne v David Q., 92 AD2d 971).* Petitioner further argues that the delay in the proceeding would have been relatively minor and would result in no prejudice to respondent. We disagree.

Petitioner had ample time to move for a further blood test. In light of the existing test results and respondent's denial that he was the father, it became evident early in the proceedings that credibility would be an issue* and that petitioner had the burden of proving paternity by clear and convincing evidence. No excuse for the delay was proffered even though Family Court indicated that it would consider any compelling reasons offered by petitioner. Family Court did not abuse its discretion in denying the late request for the additional test, not did it err when on the record as a whole it found that petitioner did not meet his burden of proof. The court was in the best position to observe the credibility of the witnesses and to decide upon the evidence *(see, Matter of Commissioner of Franklin County Dept. of Social Servs. v Clarence F.,* 117 AD2d 877, 878; *see also, Matter of Margaret D. v Richard E.,* 102 AD2d 939, 940).

Order affirmed, with costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.

---

* The credibility issue was not enhanced by the admitted perjured testimony of a witness for respondent which was acknowledged on the record. The entire testimony of this witness was completely disregarded by Family Court.