■ In the Matter of SHIRLEY ARNOLD, Respondent, v MARIO GOOSBY, Appellant.—Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings on the petition in accordance with the following Memorandum: Family Court erred in finding that respondent's stipulation to the entry of an order of protection against him in the context of a family offense proceeding pursuant to article 8 of the Family Court Act collaterally estopped him from contesting the issue of paternity raised in a collateral proceeding by separate petition. There is no identity of issue between the jurisdictional determination in a family offense proceeding whether petitioner and respondent "have a child in common" (Family Ct Act § 812 [1] [d]) and the issue of paternity. The determination of those issues is dependent upon different burdens of proof. The former is satisfied by proof by a fair preponderance of the evidence (Family Ct Act § 832); whereas the latter must be established by clear and convincing evidence creating a genuine belief that respondent is the father of the child *(Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141-142). Moreover, no collateral estoppel effect should attach to the order entered upon the stipulation of counsel in the family offense proceeding inasmuch as there was nothing " 'actually litigated and determined' " *(Kaufman v Lilly &*

*Co.,* 65 NY2d 449, 456). Thus, Family Court erred by summarily determining the issue of paternity without affording respondent the opportunity to contest the allegations. Therefore, we remit the matter to Family Court for that purpose. (Appeal from Order of Erie County Family Court, Dillon, J.—Paternity.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.