■ In the Matter of BRENDA M., Respondent, v TIMOTHY N., Appellant. [606 NYS2d 782] —Weiss, P. J. Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered October 14, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, for support upon an adjudication that respondent is the father of a child born to petitioner.

This appeal by respondent is from a Family Court determination adjudicating him to be the father of a child born to petitioner on March 24, 1986. Respondent's initial contention is that the current proceeding is barred by the doctrines of collateral estoppel and res judicata. Respondent relies upon his counsel's trial statement that a similar proceeding had been commenced by the local Department of Social Services but was thereafter withdrawn. This contention is without merit. The record is devoid of any suggestion that the discontinuance of the initial proceeding commenced by the local Department of Social Services was made with prejudice and clearly did not constitute either a decision on the merits to trigger collateral estoppel or a valid final judgment barring further action between the same parties under the doctrine of res judicata *(see,* CPLR 3217 [c]; *see also, Matter of Stacey O. v Donald P.,* 137 AD2d 965).

The remainder of respondent's arguments are addressed to issues of credibility and the weight of the evidence. We find ample basis in the record to sustain Family Court's determination, particularly because the court had the advantage of seeing the witnesses and weighing their credibility *(see, Matter of Amy J. v Brian K.,* 161 AD2d 1022, 1023; *Matter of Commissioner of Saratoga County Dept. of Social Servs. [Colleen Y.] v David Z.,* 133 AD2d 882, 883-884; *see also, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499). Here, both petitioner and respondent acknowledged sexual relations within the critical time frame. The weak evidence presented by respondent to imply that petitioner may have had a relationship with another man at best raised an issue of credibility *(see, Matter of Commissioner of Social Servs. [Robin FF.] v Ernest HH.,* 195 AD2d 738, 740).

Respondent's conclusory contention that Family Court placed undue weight upon two different blood analyses, demonstrating probabilities of paternity of 86.8% and 99.54% is unsupported in the record. We find no merit to that argument and find that the court properly considered the tests only as a factor which, when combined with the testimony as a whole, supplied the clear and convincing evidence needed to establish paternity *(see, Matter of Helen NN. v Daniel OO.,* 187 AD2d 860, 861).

Mercure, White, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.