■ In the Matter of PHYLLIS W., Respondent, v BERNIE X., Appellant. [610 NYS2d 350] —Peters, J. Appeal, by permission, from an order of the Family Court of Chemung County (Frawley, J.), entered December 23, 1992, which, in a proceeding pursuant to Family Court Act article 5, denied respondent's motion to dismiss the petition.

In June 1982, petitioner married and in April 1986 gave birth to a son. The birth certificate listed petitioner's husband as the father. In January 1989, petitioner and her husband separated and he thereafter petitioned for custody of the child. In February 1989, Family Court granted joint legal custody of the child with physical custody to petitioner. In May 1990, petitioner commenced a paternity proceeding against respondent seeking to have him adjudicated the child's father based upon a relationship purportedly had between the parties during petitioner's marriage. Respondent made a motion to dismiss that proceeding. Family Court denied such motion finding that petitioner's marital status at the time of conception and birth did not preclude her from seeking a paternity adjudication against one other than her husband. Respondent thereafter moved to dismiss the petition on the basis of equitable estoppel.

In February 1992, a Law Guardian was appointed and in March 1992, after discussion in chambers among the attorneys, the Law Guardian and Family Court, it was stated on the record by petitioner's counsel that "[a]lthough my client is absolutely and totally convinced of the papiety *[sic]* of her petition * * * [w]e are far more interested in [the child's] welfare, stability, emotional success and we are therefore at this time, based upon all of the proceedings had heretofore, but especially the Law Guardian's consideration and the Court's understanding, prepared to withdraw the petition". After approval by the Law Guardian without further com-

ment, the court allowed the withdrawal and dismissal of the petition. The order entered March 9, 1992 as a result thereof simply reiterates the above and concludes as follows: "It is therefore ordered that this matter be withdrawn and dismissed in the best interest of the child."

In October 1992, petitioner commenced the instant paternity proceeding and respondent once again sought to dismiss the petition. Respondent alleged that Family Court's prior order was a dismissal on the merits and that based upon issues of res judicata, collateral estoppel and/or equitable estoppel, the instant paternity proceeding must be dismissed. Family Court denied respondent's motion to dismiss finding that the order entered on March 9, 1992 was not a dismissal with prejudice. Respondent appeals.*

Pursuant to CPLR 3217 (c), "[u]nless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice". A review of the record before us, which includes the transcript of the proceeding resulting in the order entered March 9, 1992, does not evince that the parties intended such discontinuance and withdrawal to be with prejudice or on the merits (see, Matter of Brenda M. v Timothy N., 199 AD2d 926). In the absence of such supporting facts in the record before us, we are constrained to hold that the prior proceeding was not dismissed with prejudice. Hence the doctrine of res judicata would be inapplicable (see, Matter of Brenda M. v Timothy N., supra; Matter of Arnold v Goosby, 186 AD2d 1037).

As to respondent's remaining contention that petitioner should be equitably estopped from bringing this proceeding, we disagree. Had a Law Guardian been appointed to represent the child's interest in the original paternity proceeding immediately after its commencement and had the issue of equitable estoppel been raised and fully explored prior to the voluntary withdrawal of such petition, with the facts relevant thereto placed on the record prior to withdrawal, the tortuous journey to which this child has been subjected might well have been avoided. Lacking the above, we are unable to consider the equitable estoppel argument on the merits at this time (see,

* It was Family Court which granted respondent permission to appeal this intermediate order. Because only the Appellate Division has the power to grant permission to appeal from nonfinal orders of Family Court (Family Ct Act § 1112 [a]), we will exercise our discretion and, sua sponte, grant respondent permission to appeal in this case.

*Matter of Tyrone G. v Fifi N.,* 189 AD2d 8, 15; *see also, Johannessen v Johannessen,* 148 AD2d 894, 896).

In remitting this proceeding to Family Court, such court is directed to promptly appoint a Law Guardian for the child who shall, if appropriate, move to dismiss the proceeding on the grounds of equitable estoppel. As to all other issues raised, we find that they do not merit comment.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.