■ AMATO DELLA VECCHIA, Appellant, v ELEONRA GOFFREDO et al., Respondents. [612 NYS2d 932] —In an action for judgment declaring the parties' "parental relations" with respect to a certain child, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated June 18, 1992, which granted the defendants' motion to dismiss the complaint and denied the plaintiff's cross motion to compel the parties to submit to a human leucocyte antigen blood-grouping test for the purpose of excluding the plaintiff's paternity of the child.

Ordered that the order is reversed, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for appointment of a Guardian Ad Litem on behalf of the child, and for further proceedings in accordance herewith.

The court erred in summarily denying the plaintiff's appli-

cation to compel the parties to submit to appropriate blood tests to determine paternity, and in dismissing the complaint. The present record is insufficient to enable us to determine the parties' true marital status, the applicability of the doctrine of equitable estoppel, and the best interests of the child. A full hearing should therefore be had at which these issues may be explored and the child's interests protected by a Guardian Ad Litem appointed for that purpose (see, *Golser v Golser,* 115 AD2d 695). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.