■ In the Matter of DAWN M. LANPHER, Respondent, v LATHAN LANPHER, Appellant. [626 NYS2d 874] —Cardona, P. J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered January 24, 1994, which, in a proceeding pursuant to Family Court Act article 4, denied respondent's motion for blood-grouping tests to determine the paternity of petitioner's daughter.

In June 1993, petitioner commenced this proceeding seeking child support from respondent. The petition alleged that the parties were married in 1990 and that in April 1993, petitioner gave birth to a daughter. Although the parties were still married at the time the petition was filed, the petition indicated that they were separated. Contending that he was not the child's father, respondent moved for an order directing that blood-grouping tests be done. Family Court appointed a Law Guardian for the child and heard oral arguments on respondent's motion. The Law Guardian, however, was not present. Family Court denied the motion, prompting this appeal by respondent.

Prefatorily, we note that insofar as the subject order was nonfinal, permission to appeal was required *(see,* Family Ct Act § 1112 [a]; *Matter of Leromain v Venduro,* 114 AD2d 634; *cf., Matter of Nacey v Nacey,* 116 AD2d 933). Nevertheless, we will exercise our discretion and, *sua sponte,* consider the appeal papers as including a request for permission to appeal and grant said request *(see, Matter of Phyllis W. v Bernie X.,* 203 AD2d 694; *Matter of Leromain v Venduro, supra).*

Turning to the merits of the appeal, a party may contest the issue of paternity in a support proceeding and request by motion blood-grouping tests under Family Court Act § 418 (a). The tests shall be ordered unless Family Court, upon a written finding, indicates that it is not in the best interest of the child on the basis of, *inter alia,* equitable estoppel or the presumption of legitimacy *(see,* Family Ct Act § 418 [a]). Here, in our view, Family Court erred in summarily denying respondent's motion without a sufficient opportunity to be heard *(see,*

*Della Vecchia v Goffredo,* 203 AD2d 511; *Elizabeth A. P. v Paul T. P.,* 199 AD2d 1030; *cf., Matter of Jeanne C. v Peter W. D.,* 134 AD2d 779, *lv dismissed* 71 NY2d 994). The court did not set forth the grounds or basis for its decision and the present record is insufficient to determine the applicability of the doctrines relating to the presumption of legitimacy or equitable estoppel as well as the issue of the best interest of the child *(see, Della Vecchia v Goffredo, supra).* At the oral argument, both sides made various allegations but no testimony was taken and no evidence was submitted. In addition, the Law Guardian, although appointed, was not present *(see, Golser v Golser,* 115 AD2d 695; *see also, Matter of Phyllis W. v Bernie X.,* 203 AD2d 694, *supra).* The matter must therefore be remitted for a hearing so that Family Court may make appropriate findings pursuant to Family Court Act § 418 (a) *(see, Matter of Robert L. A. v Sharon A. R.,* 185 AD2d 977).

Mercure, White, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.