■ MATTHEW E. RADIN, Appellant, v NEW YORK LIFE INSURANCE et al., Respondents. [665 NYS2d 509] —In an action to recover proceeds of an insurance policy, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated January 31, 1996, which denied his motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's assertion, the defendant New York Life Insurance Company (hereinafter New York Life) is not estopped from denying coverage on the disability policy issued to him in 1989. The plaintiff failed to show that New York Life engaged in any activity in violation of the Codes, Rules, and Regulations of the State of New York (see, Trainor v John Hancock Mut. Life Ins. Co., 54 NY2d 213; Tannenbaum v Provident Mut. Life Ins. Co., 41 NY2d 1087; Farley v Metropolitan Life Ins. Co., 127 AD2d 99).

Furthermore, it cannot be said, as a matter of law, that the alleged misrepresentation the plaintiff made on his 1989 application for insurance was not material. It presents a question of fact for the jury (see, Insurance Law § 3105 [b]; Smirlock Realty v Title Guar. Co., 70 AD2d 455, 462). Rosenblatt, J. P., Copertino, Krausman and Goldstein, JJ., concur.

■ REACT SERVICE, INC., Appellant, v GARY RINDOS et al., Respondents. [665 NYS2d 290] —In an action, inter alia, to recover damages for unfair competition and to enjoin the defendants from soliciting the plaintiff's customers, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated January 18, 1996, as denied its motion to vacate a stipulation of settlement entered into in open court on June 21, 1995.

Ordered that the appeal is dismissed, without costs or disbursements.

The order dated January 18, 1996, was superseded by an order of the same court dated October 1, 1996, which, in effect, granted reargument and thereupon adhered to the original determination (see, Broida v Bancroft, 103 AD2d 88, 93; Alpert v Alpert, 20 AD2d 560). The issues raised on this appeal have been considered on the appeal from the order made upon reargument (see, React Serv. v Rindos, 243 AD2d 552 [decided herewith]). Miller, J. P., Ritter, Krausman and Goldstein, JJ., concur.