■ REACT SERVICE, INC., Appellant, v GARY RINDOS et al., Respondents. [665 NYS2d 290] —In an action, inter alia, to recover damages for unfair competition and to enjoin the defendants from soliciting the plaintiff's customers, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated January 18, 1996, as denied its motion to vacate a stipulation of settlement entered into in open court on June 21, 1995.

damages for unfair competition and to enjoin the defendants from soliciting the plaintiff's customers, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated October 1, 1996, as, in effect, upon granting its motion for renewal of a prior motion for a preliminary injunction preventing the defendants from soliciting the plaintiff's customers, adhered to the determination denying the motion, (2) from an order of the same court, dated December 18, 1996, which granted the defendants' motion to dismiss the complaint and denied its cross motion to amend the complaint to add a claim to vacate a stipulation of settlement, and (3) from a judgment of the same court, dated April 8, 1997, dismissing the complaint.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

In a prior action, the parties entered into a stipulation of settlement in open court in which they agreed to discontinue all claims and counterclaims with prejudice. The settlement also provided that the defendants were to cease soliciting the plaintiff's customers for a specified period of time. The instant action was commenced seeking, in large measure, the same relief sought in the prior action.

Under the terms of the settlement and in light of the res judicata effect accorded stipulations of discontinuance with prejudice (see, Matter of Phyllis W. v Bernie X., 203 AD2d 694; Dolitsky's Dry Cleaners v Y L Jericho Dry Cleaners, 203 AD2d 322; Forte v Kaneka Am. Corp., 110 AD2d 81), the causes of action seeking injunctive relief and monetary damages for unfair competition were properly dismissed. Furthermore, the remaining cause of action, which alleged libel, was time-barred (see, CPLR 215 [3]).

The plaintiff's cross motion to amend the complaint to add a claim seeking vacatur of the settlement was properly denied since the claim was fully litigated in the prior action (see, O'Brien v City of Syracuse, 54 NY2d 353; Smith v Russell Sage Coll., 54 NY2d 185), and the appeal therefrom has been

determined (*see, React Serv. v Rindos,* 243 AD2d 552 [decided herewith]).

In light of the foregoing, the Court's denial of a preliminary injunction was appropriate (*see,* CPLR 6301; *Skaggs-Walsh, Inc. v Chmiel,* 224 AD2d 680). Miller, J. P., Ritter, Krausman and Goldstein, JJ., concur.