■ REACT SERVICE, INC., Appellant, v GARY RINDOS et al., Respondents. [663 NYS2d 225] —In an action, *inter alia,* to recover damages for unfair competition and to enjoin the defendants from soliciting the plaintiff's customers, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated October 1, 1996, as, upon, in effect, granting its motion denominated as one for leave to renew a prior motion to vacate a stipulation of settlement which was determined by order of the same court dated January 18, 1996, adhered to the original determination denying the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although the plaintiff characterized its motion for reconsideration as one for renewal, it was not based upon new facts which were unavailable at the time the original motion was made and, thus, it was actually a motion for reargument (*see, Paulus v Kuchler,* 214 AD2d 608; *Huttner v McDaid,* 151 AD2d 547). In any event, having granted reargument, the court did not improvidently exercise its discretion by adhering to the original determination. Stipulations of settlement, especially those entered into in open court, are favored and not lightly cast aside (*see, Hallock v State of New York,* 64 NY2d 224, 230; *Matter of Galasso,* 35 NY2d 319, 321; *Morrison v Budget Rent A Car Sys.,* 230 AD2d 253, 256; *Lazich v Lazich,* 233 AD2d 425; *Matter of Goldman v Goldman,* 201 AD2d 860; *Sontag v Sontag,* 114 AD2d 892). A party will be relieved from the consequences of a stipulation made during the course of litigation only where there is cause sufficient to invalidate a contract, such as fraud, duress, overreaching, or mistake (*see, Hallock v State of New York, supra; Matter of Frutiger,* 29 NY2d 143, 149-150). Here, the plaintiff's bare allegations of fraud, mutual mistake, etc., are insufficient to set aside the stipulation. Miller, J. P., Ritter, Krausman and Goldstein, JJ., concur.