◼ In the Matter of DONALD FF., Appellant, v JENNIFER FF., Respondent. [710 NYS2d 184] —Lahtinen, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered June 1, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to determine the paternity of a child born to respondent.

Petitioner, who has been married to respondent since October 1995, commenced this paternity proceeding seeking to compel blood testing in order to establish that he was not the father of a child born to respondent during the parties' marriage. According to petitioner, paternity of the child is uncertain because respondent admitted to engaging in extramarital sexual relations during the period that the child was conceived. Holding that the child was the biological product of the marriage as a matter of law because she was born and conceived during the parties' marriage, Family Court dismissed the petition without conducting a hearing. Petitioner appeals.

Petitioner claims that Family Court erred in summarily dismissing the petition without first conducting an evidentiary hearing to determine whether blood grouping would be in the child's best interest by balancing any benefit that the child would obtain from such testing against countervailing concerns, including the presumption of legitimacy (see, Prowda v Wilner, 217 AD2d 287).

We do not reach the merits of petitioner's appeal because we find that Family Court lacked jurisdiction to hear and determine petitioner's application and therefore affirm its dismissal.

Family Court Act § 522 identifies those persons who may originate proceedings to establish the paternity of a child which includes a person alleging to be the father. In the instant proceeding petitioner does not allege that he is the father of the child and seeks an order from Family Court to compel blood testing to establish that he is not. Family Court Act article 5 does not authorize any person to originate a proceeding in Family Court to illegitimize a child, nor do we find any other constitutional or statutory authority which would allow Family Court to entertain such a petition (*see*, NY Const, art VI, § 13; Family Ct Act art 5).

While we are cognizant of a party's right to contest the issue of paternity in a support proceeding commenced in Family Court (*see*, *Lanpher v Lanpher*, 215 AD2d 905), there is nothing in the record before this Court to reflect that the instant petition was intended to be an answer or affirmative defense to either the custody or support petitions referred to by Family Court in the minutes of the May 20, 1999 proceeding and we will not speculate on matters affecting such important issues.

Cardona, P. J., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.