OPINION OF THE COURT
Michael J. Miller, J.
Petitioner Willie W. has filed seeking to challenge his paternity of the child, Brittany W., date of birth January 15, 1991. The petition is hereby denied and dismissed.
The child was born during the parties’ marriage and is established as the child of the marriage in the parties’ 1998 decree of divorce granted by the Monroe County Supreme Court. Petitioner’s motion seeks in essence to challenge the portions of the decree of the Supreme Court which state that he is the father of this child. His request for this relief must be *851 filed before the Supreme Court. Family Court is a court of limited statutory jurisdiction. There are no statutory provisions which give Family Court jurisdiction over the issue of paternity once the presumption of paternity has been confirmed by the Supreme Court in a decree of divorce. In addition, the court which rendered a judgment is the court which may grant a party relief from it. (CPLR 5015 [a].)
The petition now before the court is also an application filed by petitioner seeking solely to challenge his paternity of the child. Family Court similarly lacks the jurisdiction to determine such an application which is not raised as a defense in a child support proceeding. (Matter of Donald FF. v Jennifer FF., 273 AD2d 733 [3d Dept 2000].)
Therefore, on the court’s own motion, the petition to vacate respondent’s paternity is denied and dismissed.