In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF THE COUNTY OF ERIE, on Behalf of ELIZABETH CHAPUT, Appellant, v MICHAEL GEE, Respondent. — Order unanimously reversed, without costs, and matter remitted to Erie County Family Court for further proceedings, in accordance with the following memorandum: This is an appeal by the Erie County Department of Social Services on behalf of Elizabeth Chaput from the dismissal after trial of a petition alleging that respondent is the father of Ms. Chaput's child. Petitioner urges that Family Court erred in declining to consider the results of the human leucocyte antigen blood tissue test (H.L.A. test) and in considering certain other evidence purportedly supporting respondent's version of events.

At trial, Ms. Chaput introduced proof in support of her contention that twice during the period of probable conception, specifically the early morning hours of November 1, 1981 and November 20, 1981, she encountered respondent in a bar and went with him to his apartment where they had sexual relations. On both occasions she left in the morning to go to class; on November 20, she left at 8:00 or 9:00 A.M. The results of the H.L.A. test, showing a 99.90% probability that respondent is the father of the child, were admitted into evidence (see Family Ct Act, § 532).

Respondent denied having had sexual relations with Ms. Chaput on the dates in question. He claimed that on October 31, 1981, from 9:30 P.M. to 11:30 P.M., he attended a party at the home of his girlfriend and that thereafter he and his girlfriend went out to a party, spending the rest of the night and early morning (November 1, 1981) together. Respondent's girlfriend testified to the same effect and photographs of her and respondent at the party at her home, concededly taken before they left at 11:30 P.M. were received into evidence. Respondent also claimed that at about 1:30 A.M. on November 20, 1981 he went to the home of a friend, Thomas Jerris, where he slept until about 5:30 A.M. when the two went hunting. According to the testimony of respondent and Jerris, respondent left Jerris at 8:30 A.M. to go to the Geneseo Police Department to make a statement concerning an unrelated matter. The court admitted into

evidence a police report showing that the police interview with respondent began at 10:30 A.M. and culminated in a written statement given by respondent at 11:43 A.M. on November 20, 1981.

In its decision the court weighed the credibility of the witnesses and, relying on the photographs of the party at respondent's girlfriend's apartment and the police report, found respondent's version of events to be more credible. The court refused to consider the H.L.A. test results on the ground that petitioner had failed to establish that Ms. Chaput and respondent had had sexual relations during the period of probable conception.

The H.L.A. test is "highly accurate on the issue of paternity" (*Matter of Bowling v Coney,* 91 AD2d 1195, 1196; see *Matter of Karen K. v Christopher D.,* 86 AD2d 633, 634). There is no requirement that petitioner prove paternity by use of extrinsic evidence before the H.L.A. test results may be considered; rather, the test results are to be considered with the other evidence in determining whether petitioner has met the burden of proving paternity by clear and convincing proof (see *Matter of Riley v Benware,* 105 AD2d 1122; *Matter of Sherry K. v Carpenter,* 90 AD2d 687, 688). In a case such as the one at bar, presenting clear issues of credibility, the test results would be particularly valuable and should have been considered. Neither the photos nor the police report concern times when Ms. Chaput claims that she was with respondent in his apartment; this evidence is neither inconsistent with Ms. Chaput's testimony nor corroborative of respondent's version of where he was at the times in issue. Thus, these items of evidence are irrelevant (see, generally, Richardson, Evidence [10th ed], § 4) and the court should not have considered them. (Appeal from order of Erie County Family Court, Notaro, J. — paternity.) Present — Hancock, Jr., J. P., Callahan, Green, O'Donnell and Moule, JJ.