■ In the Matter of LEO F. RYAN, as Commissioner of Social Services of Saratoga County, on Behalf of BONNIE A., Respondent, v PAUL B., Appellant.—Mikoll, J.

A petition was filed alleging that respondent was the father of Patrick A., a son born to Bonnie A. on April 20, 1984. At the filiation hearing, the mother testified that she and respondent had sexual intercourse with some frequency between July 9, 1983 and early December 1983, including one weekend in Atlantic City, New Jersey, in August 1983. The mother related that she informed respondent of her pregnancy in September 1983 and that respondent suggested that she have an abortion, which upset her very much. She said she had no sexual relations with any other male during these five months. She testified to having relations with respondent in the upstairs bedroom of his residence, in the spare bedroom

downstairs and in the living room. She described his residence in great detail.

There was also testimony of respondent visiting the mother at the home of her sister on Long Island and of the mother's telephone calls from Long Island to respondent. In response to one such call respondent sent her $20.

Respondent, however, denied anything more than a casual acquaintanceship with the mother and any sexual involvement with her. A clear credibility issue was presented by this conflicting evidence.

The results of a human leucocyte antigen (HLA) blood tissue test were also admitted into evidence and showed that the probability of respondent being the father of the child was 98.7%. Family Court ruled that respondent was the father of the child and this appeal followed.

There should be an affirmance. Respondent's claim that the determination of paternity was not based upon clear and convincing evidence and that Family Court gave undue weight to the HLA blood tissue test results is without merit. "A determination of paternity rests basically upon a resolution of the credibility of the parties" *(Matter of Commissioner of Franklin County Dept. of Social Servs. v Clarence F.,* 117 AD2d 877, 878). In the instant case, Family Court found petitioner's evidence credible and rejected that offered by respondent. Family Court did not give undue weight to the HLA test results which were admitted into evidence without objection *(see, supra).*

Respondent's contention that Family Court failed to adequately or accurately state the factual basis for its decision is rejected. The court complied with the statutory mandate of CPLR 4213 (b) by setting forth the ultimate facts upon which the rights and liabilities of the parties depend. The findings stated permit intelligent judicial review *(see, Matter of Jose L. I.,* 46 NY2d 1024, 1025-1026).

Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.