■ In the Matter of ROSE PANDOZY, as Commissioner of the Clinton County Department of Social Services, on Behalf of BRENDA UU., Respondent, v BRUCE VV., Appellant.—Yesawich, Jr., J. Appeal from an order of the Family Court of Clinton County (Feinberg, J.), entered September 8, 1986,

which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Brenda UU.

Petitioner commenced this proceeding on behalf of a mother, who along with her child, is receiving public assistance. According to the mother, she had sexual relations with only two men during the period when the child was conceived. Blood tests established that one of the men was not the father; respondent is the other. Based upon the mother's testimony, including her representation that she may not have always used contraceptive devices and that respondent never did, a human leucocyte antigen (HLA) blood tissue test of respondent that indicated a 95.8% relative chance of paternity, and respondent's testimony that he had sexual intercourse with the mother in the probable period of conception, Family Court found respondent to be the father and ordered him to pay support. Respondent appeals; we affirm.

Respondent asserts that his paternity was not proven by clear and convincing evidence, citing inconsistencies in the evidence and the mother's prior statements which impugn the mother's veracity. Credibility issues are best resolved by Family Court, which received the testimony first hand (*Matter of Margaret D. v Richard E.,* 102 AD2d 939, 940). Furthermore, to the extent that inconsistency does exist, it does not undermine the mother's testimony, especially in light of the convincing evidence of respondent's paternity; thus, there is no basis for disturbing Family Court's assessment of the evidence (*see, Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z.,* 133 AD2d 882).

Respondent also assigns error to Family Court's refusal to admit into evidence notes allegedly taken by petitioner's attorney during a conversation had with the mother while pursuing a previous paternity suit against the other possible father. The notes purportedly contained an admission by the mother that she last had intercourse with respondent on August 19, 1978. Family Court suppressed the evidence relying upon, *inter alia,* the attorney-client privilege and lack of foundation. It is unnecessary to address those evidentiary issues for the evidence so lacks probative value that its suppression, even if inappropriate, cannot be considered reversible error. August 19, 1978 was within the probable period of conception. The only value the statement had was to impeach the mother, which, as already noted, is not enough to confute the clear and convincing evidence of respondent's paternity.

Order affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., and Levine, JJ., concur.