■ In the Matter of JAMES L. COVERT, as Commissioner of the Madison County Department of Social Services, on Behalf of MARTHA RR., Respondent, v JOHN SS., Appellant.—Yesawich, Jr., J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered June 10, 1987, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Martha RR.

Petitioner commenced this proceeding on behalf of a mother who is receiving public assistance. The mother testified at the filiation hearing that she had sexual intercourse with respondent on October 7, 1979 without the use of any contraceptive device and had no other sexual relations relevant to the birth of her daughter on June 18, 1980. The mother recited various details about respondent relative to October 1979, including where he worked, bars he frequented, the type and color of his vehicle, and that he and a roommate were then in the process of moving into the Chautauqua County apartment where the sexual intercourse occurred. Respondent denied even knowing the mother. His former roommate, called as a witness by respondent, also did not recognize the mother but testified that he and respondent had moved into the apartment identified by the mother on October 6, 1979. Of the various inconsistencies in the mother's testimony raised by respondent, the only significant one is that the mother claimed her menstrual period was six weeks, and that her last menstruation prior to the pregnancy was during the first week of September, while hospital records taken at the child's birth report a menstrual period of 28 to 30 days; petitioner maintains that the hospital records in this respect are inaccurate. A human leucocyte antigen (HLA) blood tissue test indicated a 98.53% probability of paternity.

Family Court ruled that respondent was the father of the child and in a separate order set child support at $50 per week. Respondent appeals,* arguing that the finding of filiation is not supported by clear and convincing evidence and that Family Court gave undue weight to the HLA test results; we affirm.

Almost invariably, resolution of the parties' credibility is the crux of a paternity proceeding (see, e.g., Matter of Ryan v Paul B., 124 AD2d 463, 464). Resolution of those credibility issues is best left with Family Court (see, Matter of Pandozy [Brenda UU.] v Bruce VV., 136 AD2d 841, 842). In the case at bar, Family Court found that the mother's testimony "reeks with credibility". We find no basis for disturbing that determination. The HLA test, while relevant evidence, is not conclusive of paternity (Matter of Terri OO. v Michael QQ., 132

---

* Separate orders of filiation and support were both entered on June 10, 1987; respondent's notice of appeal, however, is only from the order "finding respondent to be the father of the * * * child born to [Martha RR.]". Although the order of filiation involved herein is not appealable as of right (see, Matter of Jane PP. v Paul QQ., 64 NY2d 15), we grant respondent leave to appeal the order sua sponte.

AD2d 812, 813), and Family Court treated it so and did not, as respondent asserts, give the test result undue weight.

Order affirmed, without costs. Weiss, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.