■ In the Matter of JOHN R. BEAUDOIN, as Commissioner of Social Services of the County of Rensselaer, on Behalf of CHRISTINE C., Respondent, v GEORGE D., Appellant.—Harvey, J. Appeal from an order of the Family Court of Rensselaer County (Perkinson, J.), entered November 24, 1987, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Christine C.

This paternity petition was brought against respondent, the alleged father, on behalf of a mother receiving public assistance. The only witnesses at the filiation hearing were respondent and the child's mother. Evidence introduced by petitioner indicated that the mother met respondent in January 1975 and had sexual intercourse with him on an intermittent basis until March 1986. Her last menstrual period was in July 1983 and she had sexual relations only with respondent throughout the critical time of conception without practicing birth control. The baby was born on May 1, 1984. The mother also testified that respondent admitted paternity of the child to her and told her that he would willingly take care of the child's needs if the mother told the public assistance office that

respondent was not the child's father. This offer was allegedly made so that respondent's wife would not find out about the child.

Respondent admitted knowing the mother and having had a sexual relationship with her, but he claimed that his contact with her had ended in 1980. Respondent denied that he had admitted paternity and that he had asked the mother to deny that he was the father of the child.

The mother, respondent and the child all submitted to blood tests taken for the purpose of establishing paternity. The record shows that two tests were taken. One test consisted of a human leucocyte antigen (hereinafter HLA) test, standing alone, which established the probability of respondent's paternity to be 98.69%. Another test demonstrating the combined results of red blood cells and HLA testing resulted in a 98.11% probability of paternity. Only the latter test was admitted into evidence at the hearing. Following the conclusion of the testimony, Family Court made a finding that respondent was the father of the child based on the mother's testimony and the genetic marker test admitted at the hearing. However, the court also referred to the HLA test that was not admitted into evidence. Respondent now appeals from the order of filiation entered upon this decision,* claiming that Family Court erred in crediting the mother's testimony over his own and also by referring to an unadmitted test result in its decision.

There must be an affirmance. It is well settled that a finding of paternity turns essentially on a resolution of the parties' credibility *(see, Matter of Cortland County Dept. of Social Servs. v Thomas ZZ., 141 AD2d 119, 121-122).* The resolution of these credibility issues is best left with Family Court, which had the advantage of observing the testimony first hand *(supra; see, Matter of Covert v John SS., 144 AD2d 823, 824).* Respondent presents no compelling reason why his version of the events is more credible than the mother's and we accordingly decline to disturb Family Court's judgment in this matter. Moreover, in addition to the mother's testimony, the 98.11% probability of paternity established in the genetic

---

* Notably, the paternity petition brought herein apparently sought both an order of filiation and support and, as such, an appeal cannot be taken from the order of filiation as of right *(see, Matter of Jane PP. v Paul QQ.,* 64 NY2d 15, 17; *Matter of Menaldino v Mark UU.,* 141 AD2d 265, 267). However, despite the fact that respondent's appeal is only from the order of filiation, we hereby grant respondent leave to appeal the order *sua sponte (see, Matter of Covert v John SS.,* 144 AD2d 823, 824, n 2).

marker test report admitted at the hearing made it "very likely" that respondent was the father of the child (see, 1 Schatkin, Disputed Paternity Proceedings § 8.13 [4th ed rev, Feb. 1988 Supp], at 165). Faced with this persuasive evidence, Family Court's inadvertent error in reference to a report not admitted into evidence was surely harmless and did not prejudice respondent in any respect.

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.