■ In the Matter of JOHN R. BEAUDOIN, as Commissioner of the Department of Social Services of the County of Rensselaer, Respondent, v DAVID RR., Appellant.—Casey, J. Appeal from an order of the Family Court of Rensselaer County (Perkinson, J.), entered October 6, 1988, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Kelly SS.

On March 30, 1983, petitioner filed a paternity petition alleging that Kelly SS. and her infant daughter were likely to become public charges and that respondent was the father of the child. Respondent denied paternity. At the nonjury trial, both respondent and the mother admitted that they lived together from November 1981 until April 1982. The mother claims that sexual intercourse occurred two to three times a week during this period. Respondent admits to having had intercourse with her only about 10 times during the same period. A human leucocyte antigen (hereinafter HLA) test indicated a 98.81% probability that respondent fathered the child. This test was admitted into evidence, having been properly certified pursuant to CPLR 4518 (c). Family Court determined that respondent was the father of the child and was responsible for its support until the child reached 21 years of age or became self-supporting.

We agree with the determination of Family Court. The admitted cohabitation of the parties, together with the HLA test results, supplies clear and convincing evidence of respondent's paternity, as found by Family Court *(see, Matter of Ryan v Paul B.,* 124 AD2d 463). Although the exact date of conception was not fixed by the mother, the conception was stated to have occurred "sometime in November 1981". We find this testimony legally sufficient when coupled with the results of the HLA test.

Respondent contends that failure to establish a chain of custody relative to the blood used in the HLA test is fatal to the admissibility of the HLA test results. We find no merit in this contention. CPLR 4518 (c) and Family Court Act § 532 (a) permit the results of an HLA test when the test is properly certified under the provisions of CPLR 4518 (c), which it was in this case. The statute makes no provision for any other foundational basis necessary for the admissibility of the results of such test *(see, Matter of Commissioner of Social Servs. of County of Erie v Richardson,* 112 AD2d 760; *Matter of Commissioner of Social Servs. of County of Erie v Gee,* 106 AD2d 897). The order appealed from should, therefore, be affirmed.

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.