■ In the Matter of DAVID CLOVSKY, as Commissioner of Social Services for Chemung County, Respondent, v STANLEY VV., Appellant.—Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered August 8, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Catherine WW.

Respondent failed to object to the admission into evidence of the human leucocyte antigen blood test. However, he now claims that it was not properly received into evidence. In view of the fact that at the time of the test's admission respondent affirmatively stated that he had "no objection", he should not now be permitted to challenge Family Court's review of the test results (see, Matter of Kimiecik v Daryl E., 92 AD2d 1063; see also, Matter of Ryan v Paul B., 124 AD2d 463). In any event, we reject respondent's contention that petitioner failed to establish a chain of custody relative to the blood used for the test. The results were properly certified in accordance with CPLR 4518 (c) and no other foundational requirements were necessary in order to admit the results (see, Matter of Beaudoin v David RR., 152 AD2d 776). Finally, respondent's claim that Family Court lacked jurisdiction to award custody is without merit (see, Family Ct Act § 549 [a]).

Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.

■ BINGHAMTON SAVINGS BANK, Respondent, v PACIFIC EMPLOYERS INSURANCE COMPANY et al., Appellants.—Appeal from an order of the Supreme Court (Fischer, J.), entered June 15, 1990 in Broome County, which denied defendants' motion for a change of venue.

We agree with Supreme Court's conclusion that there has been a lack of discovery sufficient to warrant granting defendants' motion for a change of venue at this stage of the proceedings. Accordingly, inasmuch as the court's denial was without prejudice and the issues involve questions requiring further disclosure, there should be an affirmance (see, Brevetti v Roth, 114 AD2d 877; Stavredes v United States, 87 AD2d 502).

Mahoney, P. J., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.