■ In the Matter of HELEN NN., Respondent, v DANIEL OO., Appellant.—Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered October 18, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to petitioner.

Initially, we note that respondent failed to object to the admission into evidence of the human leucocyte antigen (hereinafter HLA) blood test and, therefore, he cannot now challenge Family Court's review of the test results *(see, Matter of Kimiecik v Daryl E.,* 92 AD2d 1063). In any event, we reject respondent's contention that the HLA test was introduced without proper foundation. The results were properly certified in accordance with CPLR 4518 (c) and no other foundational requirements were necessary to admit the results *(see, Matter of Beaudoin v David RR.,* 152 AD2d 776, 777; *Matter of Menaldino v Mark UU.,* 141 AD2d 265, 268).

We are also unpersuaded by respondent's contention that petitioner failed to meet her burden of proving paternity by clear and convincing evidence. Petitioner testified that, during the time of conception, she had sexual relations with no one other than respondent. Respondent, however, disagrees as to

the date of the last time they had sexual relations. As with most paternity proceedings, this case involves the resolution of conflicting testimony and Family Court's determination as to the credibility of witnesses will be accorded great deference *(see, Matter of Erin Y. v Frank Z.,* 163 AD2d 636, 637; *Matter of Commissioner of Saratoga County Dept. of Social Servs. v Charles G.,* 146 AD2d 854, 855; *Matter of Beaudoin v George D.,* 145 AD2d 879, 880). We likewise find no merit to respondent's contention that Family Court gave undue weight to the results of the HLA test *(see, Matter of Ryan v Paul B.,* 124 AD2d 463, 464) and find, instead, that the court properly considered the test only as a factor which, when combined with petitioner's testimony as a whole, supplied the clear and convincing evidence needed to establish paternity *(see, supra; Matter of Fannie R. H. v Charles E.,* 116 AD2d 576; *see also, Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141-142).

Mikoll, J. P., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.