■ In the Matter of VICKI W., Respondent, v MICHAEL X., Appellant. [652 NYS2d 669] —Carpinello, J. Appeals (1) from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered March 15, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of the child born to

petitioner, and (2) from an order of said court, entered July 21, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his child.

As a preparatory matter, we note that respondent's appeal from the filiation order entered March 15, 1995 must be dismissed as no appeal lies from such order where, as here, an order of support was also requested (*see*, Family Ct Act § 1112 [a]; *Matter of Jane PP. v Paul QQ.*, 64 NY2d 15). Having timely appealed the July 21, 1995 order of support, however, the issue of filiation is properly before this Court (*see, Matter of Westchester County Dept. of Social Servs. [Rosa B.] v Jose C.*, 204 AD2d 795, 797).

We reject respondent's contentions that the results of the human leucocyte antigen (hereinafter HLA) tests were improperly admitted into evidence. To the extent that respondent's argument is premised on Roche Biomedical Laboratories' status as a private agency, as opposed to a governmental agency, we note that the certification pursuant to CPLR 4518 (c) submitted to Family Court states that Roche Biomedical Laboratories "is a laboratory duly approved to perform blood genetic marker tests by the New York State Commissioner of Health". This fact being uncontroverted by respondent, the HLA test results were admissible pursuant to Family Court Act § 418 (a) (*see, Matter of Shepherd v Skeete*, 169 AD2d 626, 627 [Roche Biomedical Laboratories is an authorized laboratory to perform blood genetic marker tests for the courts of this State]; *see also, Matter of Anne R. v Estate of Francis C.*, 167 Misc 2d 343, 346, *affd* 234 AD2d 375). To the extent that respondent contends that the HLA test results were not properly certified, we are not persuaded. The results were properly certified by a physician delegate of Roche Biomedical Laboratories in accordance with Family Court Act § 532 (a) and CPLR 4518 (c) and (d) (*see, Matter of Helen NN. v Daniel OO.*, 187 AD2d 860; *Matter of Beaudoin v David RR.*, 152 AD2d 776, 777). Accordingly, Family Court did not err in admitting these results.

Nor are we persuaded by respondent's contention that petitioner failed to meet her burden of proving paternity by clear and convincing evidence. Petitioner testified that she engaged in sexual intercourse with respondent on numerous occasions between February 1991 and May 9, 1991, which included unprotected sexual intercourse. Petitioner further testified that during this time period, she did not engage in sexual intercourse with any other person. According to

petitioner, the child, which was born on January 31, 1992, was conceived on May 9, 1991. Notably, the time period between May 9, 1991 and January 31, 1992 is within the normal gestational period of 266 to 280 days. Respondent admitted that he had sexual intercourse with petitioner; he testified, however, that he only did so on two occasions during February 1991 and that he used a condom each time. Respondent denied having sexual relations with petitioner after February 1991.

Not unlike other paternity proceedings, this proceeding involves the resolution of conflicting testimony and Family Court's resolution of these issues will be accorded great deference by this Court (see, Matter of Erin Y. v Frank Z., 163 AD2d 636, 637). Petitioner's testimony, combined with the results of the HLA tests reporting the probability of respondent's paternity to be 98.55%, supplied the clear and convincing evidence needed to establish paternity (see, Matter of Hoke [Kathy RR.] v Robert QQ., 209 AD2d 794).

We have reviewed respondent's remaining contentions and find that they are either not properly before this Court or lacking in merit.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the appeal from the order entered March 15, 1995 is dismissed, without costs. Ordered that the order entered July 21, 1995 is affirmed, without costs.