■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, as Assignee of MARILYN PETERS, Re-

spondent, v MONTY DENNIS, Appellant. [673 NYS2d 5] —Order, Family Court, New York County (Edward Kaufmann, J.), entered on or about July 17, 1995, which denied respondent's motion to vacate an order of filiation upon the ground of newly-discovered evidence, and for a new DNA test using new blood specimens that were not used on a previous HLA test, unanimously affirmed, without costs.

The motion to vacate the order of filiation was properly denied on the grounds that the evidence respondent now wants considered, which he argues shows that he was out of town and had no access to the child's mother during the period of possible conception, was available to respondent prior to the rendering of the order of filiation, and that the argument is in any event based on incorrect assumptions concerning the period of possible conception (see, 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.07). Concerning the DNA test, which was conducted after entry of the order of the filiation pursuant to the parties' stipulation and shows a probability of respondent's paternity of 99.99%, we agree with Family Court that respondent fails to make any kind of showing that the laboratory did not follow accepted protocols in using the same blood samples as it used in the HLA and other blood genetic marker tests, which were conducted prior to the rendering of the order of filiation and show a probability of respondent's paternity of 99.81%, or that the blood samples used in the tests were tainted. It was not petitioner's burden to show chain of custody or other foundational bases for these properly certified tests (see, Matter of Clovsky v Stanley VV., 176 AD2d 419, lv denied 79 NY2d 753). Concur—Milonas, J. P., Wallach, Rubin, Mazzarelli and Saxe, JJ.