In the Matter of JOSEPH P. MENALDINO, as Commissioner of the Warren County Department of Social Services, on Behalf of ALETHA TT., Respondent, v MARK UU., Appellant.

Third Department, November 3, 1988

**APPEARANCES OF COUNSEL**

*Andrew Halloran* for appellant.

*H. Bartlett McGee, Jr.,* for respondent.

**OPINION OF THE COURT**

LEVINE, J.

This paternity petition was brought by the Warren County Social Services Commissioner on behalf of Aletha TT. (hereinafter petitioner) to establish that respondent was the father of her child born May 11, 1985. Medical records established that the birth was premature, after a period of gestation of approximately 36 weeks, thereby fixing the date of conception at about the second week of September 1984. This was consistent with the date of petitioner's last menstrual period and the time of conception estimated by the physician who gave petitioner prenatal care.

Petitioner was a married woman during the relevant period. However, both she and her husband testified that they were

estranged and physically separated since February 1984, except for a brief attempt at reconciliation in the spring of 1984. Both claimed that the only sexual relations they had following their separation was in May 1984 and once in November of that year when they went out one evening. Petitioner testified that from late June 1984 to February 1985, she was only with respondent except for the one meeting with her husband, that through most of that period respondent lived with her and that they had continual sexual relations without practicing any birth control. Respondent admitted most of these facts. Genetic marker and HLA testing revealed a combined probability of respondent's paternity of 95.6%. Respondent appeals from both Family Court's finding of paternity and the Hearing Examiner's subsequent order of support.

■ At the outset, certain procedural issues raised by these appeals require discussion. Notably, the paternity petition herein sought both an order of filiation and support and, as such, a direct appeal cannot be taken from the order of filiation absent permission *(Matter of Jane PP. v Paul QQ.,* 64 NY2d 15, 17; *see, Matter of Harstein v Mike S.,* 107 AD2d 684). Accordingly, respondent's appeal from the filiation order must be dismissed *(see, Adams v Brant,* 130 AD2d 957). With respect to respondent's appeal from the order of support, there is nothing in the record indicating that respondent submitted to Family Court specific written objections to the Hearing Examiner's final order of support, as outlined in Family Court Act § 439 (e). Thus, respondent has waived his right to appellate review of the Hearing Examiner's determination *(see, Matter of Werner v Werner,* 130 AD2d 754). However, respondent's appeal from the order of support is a final disposition bringing up all intermediate orders for appellate review which, in this case, is the order of filiation *(see,* Siegel, NY Prac § 530, at 734; *see also, Matter of Department of Social Servs. [Katherine McL.] v Jay W.,* 105 AD2d 19, 28).

■ Turning to the merits, there should be an affirmance of the finding of respondent's paternity. Respondent's principal argument on appeal is that there was not sufficient competent evidence to overcome the presumption of legitimacy, i.e., that petitioner's husband was the father of the child. We disagree. A companion paternity proceeding concerning the same child was brought against petitioner's husband. In that proceeding, Family Court issued an order, pursuant to Family Court Act

§§ 418 and 532, of which we take judicial notice, directing that the parties submit to HLA and genetic marker testing. The results of the tests, received in evidence in the instant case, excluded the husband's paternity. The exclusion by such scientifically reliable tests was highly relevant and sufficient under the circumstances to overcome the presumption of legitimacy *(see, State of New York ex rel. H. v P.,* 90 AD2d 434, 439).

■ Contrary to respondent's contention, the results of the tests were admissible in evidence in this proceeding through the written certification of the director of the laboratory that conducted the tests, and it was unnecessary to procure the testimony of the physician who did the testing to lay a foundation. The tests concededly were administered at the direction of a court order made pursuant to Family Court Act §§ 418 and 532. Under a literal reading of CPLR 4518 (c), the report of the test results was, therefore, admissible upon proper certification.* There is nothing in CPLR 4518 (c) limiting admissibility of such a certified report to the particular proceeding in which the test was ordered, and nothing in the legislative history to suggest that such a limitation was intended as an exception to the general admissibility in all proceedings of the various certified records covered under that section *(see,* mem of Legis Representative of City of NY, 1982 McKinney's Session Laws of NY, at 2547; McLaughlin, 1970 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4518 [1988 Supp Pamph], at 385).

■ We are also unpersuaded by respondent's remaining contention that the evidence of paternity was insufficient. It was well within Family Court's province to credit petitioner's testimony that, during the critical period, she had relations with no one other than respondent *(see, Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z.,* 133 AD2d 882, 883-884). Additionally, the 95.6% probability of paternity established in the test report made it "very likely" that respondent was the father of the child (1 Schatkin, Disputed Paternity Proceedings § 8.13 [Feb. 1988 Supp], at 165). Cumulatively, the foregoing evidence was more than sufficient to support Family Court's finding of paternity.

---

* Respondent made no timely objection to the sufficiency or form of the certification and, hence, has not preserved this issue for appeal.

WEISS, J. P., YESAWICH, JR., HARVEY and MERCURE, JJ., concur.

Appeal from order entered January 5, 1987 dismissed, without costs.

Order entered February 23, 1987 affirmed, without costs.