■ In the Matter of JOHN R. BEAUDOIN, as Commissioner of Social Services of the County of Rensselaer, on Behalf of SHERRY K., Respondent, v STEVEN L., Appellant.—Yesawich, Jr., J. Appeals (1) from an order of the Family Court of Rensselaer County (Spain, J.), entered January 27, 1988, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Sherry K., and (2) from an order of said court, entered March 8, 1989, which directed respondent to pay for support of the child.

The Rensselaer County Commissioner of Social Services filed a petition alleging that respondent was the father of Amanda K., a child born out of wedlock to Sherry K. in August 1984. At the filiation proceeding hearing, the mother testified that

she had intercourse with respondent four or five times, and that these intimacies occurred both before and after her last menstrual period, which was in early November 1983, and preceded the child's birth. She stated further that she did not have intercourse with any other person after this last menstrual cycle, and that although she was taking birth control pills during the month or so that she and respondent had sexual relations, neither party used any other form of contraception during the encounters. When informed that the mother was pregnant, respondent suggested that she have an abortion; she refused.

An HLA blood-grouping test result, indicating the probability of respondent being the father of the child as 98.15%, was admitted into evidence. Respondent neither testified at the hearing nor offered any evidence or witnesses to support his denial of paternity. Family Court concluded that respondent was the father of the child, and a Hearing Examiner subsequently entered an order of support directing respondent to pay child support. Respondent appealed from the underlying filiation order and from the subsequent support order predicated thereon. In his brief, however, respondent only challenges the propriety of the filiation order. We affirm.

The mother's uncontroverted testimony which Family Court, having had the benefit of hearing and observing *(see, Matter of Pandozy v Bruce VV.,* 136 AD2d 841, 842), found to be accurate, coupled with the HLA test result and respondent's silence *(see, Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141; *see also, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994, 996), amply justifies the court's paternity determination. And the fact that the mother was uncertain as to the exact dates when she and respondent had sexual relations does not detract from her believability. Unerring precision is not necessary where, as here, the sexual occurrences took place more than two years prior to the hearing *(see, Matter of Albany County Dept. of Social Servs. v De Forrest HH.,* 129 AD2d 915, 916). As did Family Court, we too find the evidence clear and convincing that respondent is the father of the child.

Orders affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.