■ In the Matter of JOHN R. BEAUDOIN, as Commissioner of Social Services of the County of Rensselaer, on Behalf of SUSAN GG., Respondent, v WILLIAM HH., Appellant.—Levine, J. Appeals (1) from an order of the Family Court of Rensselaer County (Perkinson, J.), entered August 2, 1988, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of Susan GG.'s child, and (2) from an order of said court, entered June 19, 1989, which denied respondent's objection to the Hearing Examiner's order of support for said child.

Respondent's appeal from the order of filiation seeks review of a nonfinal order and, therefore, must be dismissed *(see,*

*Matter of Menaldino v Mark UU.,* 141 AD2d 265, 267). However, respondent's appeal from the final order in this proceeding, the order of Family Court denying his objections to the Hearing Examiner's order of support, properly brings up all intermediate orders, including the order of filiation *(see, supra).*

Turning then to the merits, from our review of the record the evidence submitted by petitioner was sufficient, if believed, to support the finding of paternity. The mother testified that she and respondent renewed their sexual relationship in late January 1985, which continued into June of that year. She had marked on a calendar the dates of intercourse with respondent in January and February. Respondent moved into her home in March and stayed with her until they broke up. Her last menstrual period commenced on January 8, 1985 and the child was born on October 11, 1985. The period of gestation was thus within normal limits. The mother was a married woman at all the relevant times in this proceeding. However, a human leucocyte antigen (hereinafter HLA) test of her husband excluded his paternity. Her testimony was that she had relations with no one other than respondent and her husband during the critical period. HLA testing revealed an 89.92% plausibility of respondent's paternity.

Although petitioner's proof was, thus, sufficient to establish paternity if credited by Family Court, reversal is nevertheless required. Respondent's testimony sharply disputed the date of onset of the parties' sexual relations as described by the mother. He testified that the earliest date of intercourse was in March 1985, a time beyond the probable date of conception. Another witness gave evidence tending to support his testimony. Family Court in its bench decision failed to resolve the credibility issue presented in the parties' conflicting versions on whether they engaged in intercourse during the critical period of conception. Instead, the court apparently gave conclusive weight to the HLA test results. This was an inadequate basis upon which to find paternity *(see, Matter of Julie UU. v Joseph VV.,* 108 AD2d 1038, 1039), particularly because the HLA test results did not establish a significantly high degree of likelihood of respondent's parentage *(see,* 1 Schatkin, Disputed Paternity Proceedings § 8.13, at 128 [4th rev ed (1989 supp)]).

Although this court could decide the issue of paternity on the basis of the record, it is more appropriate for Family Court to assess the credibility of the parties and their witnesses, upon which the proper resolution of this proceeding

turns. Therefore, we should withhold decision and remit the matter to Family Court for resolution of this issue and a determination of paternity on proper findings.

Appeal from order entered August 2, 1988 dismissed, without costs.

Decision withheld on order entered June 19, 1989, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.