■ In the Matter of AMY J., Respondent, v BRIAN K., Appellant.—Weiss, J. Appeal, by permission, from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered March 20, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of petitioner's child.

Petitioner gave birth to a child out of wedlock on July 2, 1987. A human leucocyte antigen (hereinafter HLA) blood tissue test showed the probability of respondent's paternity to be 95.97%. Holding credibility to be an important issue, Family Court found that petitioner's testimony was supported by other evidence in the record in contrast to respondent's testimony which was vague and appeared contrived. The court found that respondent's paternity had been established by clear and convincing evidence. Respondent now appeals.

The record shows that on September 27, 1986, immediately after her 16th birthday, petitioner, with respondent's help, moved out of her father's home and into an apartment with a male companion. Within a few days she left the apartment and moved into her mother's home during October 1986,

where she and respondent cohabitated. Respondent candidly conceded that they frequently engaged in sexual relations. Thereafter she returned to her father's house where she and respondent lived together until December 1986 when he moved back to his parents' home. Respondent's principal argument on this appeal is that having shown that petitioner had cohabited briefly with another man in October 1986 during the period in which conception occurred, the burden of proof shifted to petitioner to disprove that the other man fathered her child. Respondent argues that her failure to sustain this burden is fatal to petitioner's claim.

While proof of sexual relations with others during the critical time period, even where coupled with a very high probability HLA test result, may cause an insufficiency of proof (Matter of Terri OO. v Michael QQ., 132 AD2d 812), such proof is not necessarily fatal to this paternity proceeding (cf., Matter of Jane PP. v Paul QQ., 65 NY2d 994). Here, both petitioner and the other man denied that they engaged in sexual relations and such denial is supported by other evidence. Respondent's contention is supported solely by his own testimony that petitioner admitted having intercourse with the other man, which admission resulted in the end of their close relationship. However, as Family Court found and the record substantiates, respondent's testimony lacks credibility. In February 1987, both in writing and orally before a Hearing Officer, respondent admitted that the child was his.[1] In the spring of 1987, he attended the full series of lamaze training classes with petitioner. He visited with and purchased items for the baby. In September 1987, he again admitted in writing and orally before a Hearing Officer that he was the father. Not until September 17, 1987 did respondent contest his paternity, contending then that he had only recently learned of the other alleged relationship.[2] Even in a case where a third party had intercourse with the mother during the critical time of conception, the HLA test may establish paternity of the putative father (see, Matter of Terri OO. v Michael QQ., 132 AD2d 812, 813-814 [Levine, J., dissenting], supra). We find ample basis in the record to sustain Family Court's determination, particularly since the court had the advantage of seeing the witnesses and weighing their credibility (see, Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499).

1. No order was entered as the child had not been born.
2. An order of filiation dated September 8, 1987 was vacated by consent, permitting the contested proceeding to go forward on the merits.

Finally, respondent's contention that it was error to admit the results of the court-ordered HLA test into evidence lacks merit. The exhibit bore authentication by a proper officer of the testing laboratory *(see,* CPLR 4518 [c]).

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.