■ In the Matter of ERIN Y., Respondent, v FRANK Z., Appellant.—Harvey, J. Appeal, by permission, from an amended order of the Family Court of Rensselaer County (Perkinson, J.), entered October 31, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of petitioner's child.

In this paternity proceeding, petitioner maintains that respondent fathered her child delivered on December 1, 1986 by Caesarean section (the actual due date had been set at December 10, 1986). Medical records established that the fetus was approximately 39 weeks and two days of gestational age at the time of birth. Only the parties testified at trial. Petitioner testified that she met respondent in January 1986 while she was working at her uncle's service station. At some point thereafter, the parties began talking and, near the end of March 1986 respondent drove her to a friend's camp where the parties engaged in sexual intercourse without use of birth control. Petitioner also stated that the parties had unprotected sex on one other occasion in the early part of April. Petitioner testified that her last menstrual period commenced on March 1, 1986 and ended on March 5, 1986 and that she had intercourse with no one other than respondent during the months of February and March 1986. Petitioner stated that she was unsuccessful in contacting respondent about the pregnancy but that he did call her at the hospital following the birth and suggested she put the baby up for adoption. Respondent's testimony generally corresponded to petitioner's account of the parties' meeting and the character of their relationship. However, he stated that the parties engaged in unprotected intercourse only once in the second week of April 1986 at his friend's camp. The results of a human leucocyte antigen (hereinafter HLA) test performed on the parties and the child received into evidence revealed a probability of respondent's paternity of 98.56%.

Following submission of all evidence, Family Court issued its bench decision finding respondent to be the father of petitioner's child. The court stated that its decision was based on the testimony of the parties coupled with the results of the HLA test. An amended order of filiation was ultimately entered and respondent filed a notice of appeal. Respondent sought and obtained leave from this court to have the notice of appeal treated as an application for permission to appeal and permission was then granted (see, Matter of Harstein v Mike S., 107 AD2d 684).

We affirm. Upon review of the record, we find that respondent's paternity was established by clear and convincing evidence *(see, Matter of Beaudoin v George D.,* 145 AD2d 879). Petitioner's testimony relating to the time of her last period and the commencement of sexual relations with respondent, combined with the medical evidence, established a pregnancy within the normal human gestation period *(see, Matter of Moon v Kenneth NN.,* 158 AD2d 876) and was sufficient, if believed, to support the finding of paternity. Respondent argues, however, that petitioner's testimony was not credible, pointing to certain prior inconsistent information given in bills of particulars which allegedly impeached petitioner's credibility. However, credibility issues are best resolved by Family Court which had the benefit of hearing the testimony first hand *(see, Matter of Beaudoin v Steven L.,* 155 AD2d 728; *Matter of Beaudoin v George D., supra).* To the extent any inconsistency was presented, it did not undermine petitioner's testimony, especially in light of the convincing evidence of respondent's paternity *(see, Matter of Pandozy v Bruce VV.,* 136 AD2d 841) and the fact that at least one of petitioner's prior statements was clearly a mistake. Understandably, neither party was wholly certain as to exact dates and we find no basis for disturbing Family Court's assessment of the evidence. Finally, we reject the contention of respondent that Family Court improperly gave conclusive weight to the HLA test result *(see, Matter of Beaudoin v William HH.,* 157 AD2d 995). An examination of the bench report reveals that the court properly considered the test only as a factor which, combined with the testimony of the parties, supported its conclusion.

Amended order affirmed, without costs. Casey, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.