■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF SARATOGA COUNTY, on Behalf of Jo W., Respondent, v DAVID X., Appellant.—Yesawich Jr., J. Appeal from an order of the Family Court of Saratoga County (Spellman, H.E.), entered September 18, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, for support upon an adjudication that respondent is the father of a child born to Jo W.

Jo W. and respondent met in March 1988, dated in early April 1988, began engaging in unprotected sexual intercourse in mid-April 1988 and, in late April 1988, respondent gave Jo an engagement ring. At the hearing held to determine paternity of the child to whom she gave birth on January 25, 1989, Jo testified that the parties had sexual intercourse without birth control "regularly" after April 15, 1988. Respondent, who denied paternity and responsibility for child support, admitted having sexual contact with Jo on April 15, 17 and 19, 1988, but not thereafter. A human leucocyte antigen (hereinafter HLA) test, performed at respondent's request, disclosed a probability of paternity of 95.6%. Family Court found the testimony offered in support of paternity credible, the conflicting testimony presented by respondent's witnesses "unbelievable" and that respondent was the father of the child. Respondent was ordered to pay temporary support and confinement costs. This appeal ensued.

We affirm. Jo, who denied having sexual intercourse with anyone else during this critical period for conception, testified that the parties had sexual relations without birth control from mid-April 1988 through June 1988, that they were

"happy" to hear the result of her pregnancy test, that respondent was with her when she was admitted to the hospital for tests, that they told others that they were having a baby, that respondent bought things for the baby, and that when she threatened to have an abortion respondent told her he would employ a lawyer to "stop" her.

The only testimony casting any doubt on respondent's paternity came from two men, called by respondent, claiming to have had intercourse with Jo during the critical period for conception. That testimony was uncorroborated and hence should not have been received into evidence (see, Family Ct Act § 531; *Matter of Moon v Roscoe CC.*, 105 AD2d 485, 486). In any event, Family Court, which had the advantage of observing and hearing these witnesses (see, *Matter of Otsego County Dept. of Social Servs. v Thomas N.*, 137 AD2d 892, 893), found their testimony "totally lacking in credibility". There is no basis in the record to disturb this finding. Nor is there anything in the record to indicate, as respondent maintains, that Family Court gave undue weight to the HLA results. In sum, Family Court's declaration of paternity rests on very firm ground.

Weiss, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.