■ In the Matter of PAMELA WW., Respondent, v ERVIN XX., Appellant. [594 NYS2d 93] —Mercure, J. Appeals (1) from an order of the Family Court of Clinton County (Lewis, J.), entered December 9, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to petitioner, and (2) from an order of said court (Wood, H.E.), entered March 3, 1992, which directed respondent to pay for support of his child.

The issues raised on this appeal from an order of support following Family Court's adjudication of paternity* lack merit

---

* Although the appeal from the order adjudicating paternity is not appealable as of right and shall be dismissed for that reason, the appeal from the order of support brings up for review the order of filiation *(see, Matter of Menaldino v Mark UU.,* 141 AD2d 265, 267).

and warrant little discussion. Initially, we reject the contention that Family Court erred in admitting into evidence the laboratory and statistical results of the human leucocyte antigen blood tissue test. Photographs of petitioner, respondent and the child which were attached to the exhibit (apparently to permit the testing laboratory to identify the subjects) were not proffered, received or considered on the issue of paternity *(cf., Matter of Commissioner of Welfare of City of N. Y. v Leroy C.,* 45 AD2d 963). The certification that the report was made "at the time of the administration and analysis of the blood * * * tests pertaining to [petitioner, the child and respondent] or within a reasonable time thereafter" satisfied CPLR 4518 (a) and (c). The contention that the accuracy of the test may have been affected by the blood relationship of petitioner and respondent has not been preserved for our consideration *(see, Matter of Menaldino v Mark UU., supra,* at 268, n; *Matter of Van Alstyne v David Q.,* 92 AD2d 971, 972) and does not go to the admissibility of the test result in any event.

Further, it is our view that Family Court acted well within its discretion in denying respondent's posthearing motion to permit the introduction of "newly-discovered evidence". Respondent should not have been surprised by petitioner's testimony that she did not have intercourse with respondent's brother during the relevant period given the allegation in the bill of particulars that petitioner had not had intercourse with anyone other than respondent for at least the year prior to the time of conception and no showing was made that the new witness could not have been produced at the time of the hearing *(see, Cornwell v Safeco Ins. Co.,* 42 AD2d 127, 134-135). Finally, petitioner testified that she had frequent unprotected sexual intercourse with respondent and had relations with no one else during the critical period, the genetic blood marker test showed a 99.97% probability of paternity and respondent acknowledged his sexual relationship with petitioner. Cumulatively, this evidence was more than sufficient to support Family Court's finding of paternity *(see, Matter of Menaldino v Mark UU., supra,* at 268).

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the appeal from order entered December 9, 1991 is dismissed, without costs. Ordered that the order entered March 3, 1992 is affirmed, without costs.