■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of ROBIN FF., Respondent, v ERNEST HH., Appellant. [600 NYS2d 332] —Crew III, J. Appeals (1) from an order of the

Family Court of Saratoga County (James, J.), entered January 6, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Robin FF., and (2) from an order of said court (Spellman, H. E.), entered February 5, 1992, which, *inter alia,* directed respondent to pay for the support of his child.

This proceeding was commenced by the Saratoga County Commissioner of Social Services on behalf of Robin FF. (hereinafter referred to as petitioner) to determine the paternity of a child born to petitioner on June 21, 1989. At the filiation hearing that followed, testimony was received from, among others, petitioner and respondent, and the results of a human leucocyte antigen (hereinafter HLA) test and an electrophoresis blood test, which reported the probability of respondent's paternity to be 99.41% and 99.81%, respectively, were received into evidence. Family Court thereafter adjudicated respondent to be the child's father and remitted the matter to a Hearing Examiner to determine support. An order of support directing respondent to, *inter alia,* pay $50 per week for the child's support was entered, and these appeals by respondent followed.*

It is well settled that paternity determinations must be supported by clear and convincing evidence *(see, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994, 996; *Matter of Moon v Kenneth NN.,* 158 AD2d 876, 877; *Matter of Laura U. v Mark V.,* 156 AD2d 836). To that end, because paternity determinations often rest upon the resolution of credibility issues, the trial court's findings and conclusions in this regard are entitled to great weight and should be set aside only where the evidence before this Court compels a different result *(see, Matter of Julie UU. v Joseph VV.,* 108 AD2d 1038, 1038-1039; *see also, Matter of Sherry G. v George F.,* 183 AD2d 825, 826; *Matter of Erin Y. v Frank Z.,* 163 AD2d 636, 637; *Matter of David CC. v Rose GG.,* 142 AD2d 797).

Although petitioner testified that she could not recall when she had her last menstrual period and did not learn that she was pregnant until November 1988, the record indicates that the child was born fullterm on June 21, 1989 and that a prenatal ultrasound taken on January 17, 1989 estimated the

---

* Although the appeal from the order adjudicating paternity is not appealable as of right and is therefore dismissed, the appeal from the order of support brings up for review the order of filiation *(see, Matter of Pamela WW. v Ervin XX.,* 191 AD2d 796, n, *lv denied* 81 NY2d 711).

age of the fetus to be 16½ weeks. Utilizing a normal gestation period of 266 days *(see, Matter of Moon v Kenneth NN., supra,* at 877; *Matter of Pandozy v Perry X.,* 141 AD2d 894, 896), this would establish the approximate date of conception as September 28, 1988. As to petitioner's activities during this time period, petitioner testified that she first met respondent in mid-September 1988 and that she had sexual intercourse with him on approximately 9 or 10 occasions between September 1988 and November 1988; according to petitioner, neither she nor respondent used any birth control methods. Respondent, on the other hand, testified that although he did meet petitioner in September or October 1988, he engaged in only one act of sexual intercourse with petitioner in late November 1988. Petitioner further testified that she engaged in sexual intercourse with another man on 2 to 4 occasions during September and October 1988 and that neither of them used any birth control. Additionally, the record indicates that petitioner engaged in sexual intercourse with yet another man in August and September 1988 without the use of birth control.

As respondent correctly notes, proof that petitioner engaged in sexual intercourse with other individuals during the critical time period may be sufficient to defeat a finding of paternity even where, as here, HLA test results makes it "extremely likely" (1 Schatkin, Disputed Paternity Proceedings, 1992 Supp, § 8.13, at 161 [4th ed]) that respondent is the child's father *(see, Matter of Amy J. v Brian K.,* 161 AD2d 1022, 1023; *cf., Matter of Pandozy v Perry X.,* 141 AD2d 894, 896, *supra).* Under the circumstances present here, however, we are of the view that such proof is not fatal to this proceeding. Although the record before us indicates that at least one, and perhaps two, other individuals had access to petitioner during the critical time period, there is also evidence to support petitioner's assertion that neither of these individuals could be the child's father. While petitioner was not at all certain when she had her last menstrual period, she was adamant that she did have a period after she ceased having sexual relations with one of the two men in question. As to the other, the record establishes that petitioner's child has markedly different racial characteristics *(cf., Matter of Bradley W. v Mary Ann N.,* 115 AD2d 268, 269).

Based upon our review of the record as a whole, we cannot conclude that the evidence before us compels a result other than that reached by Family Court. The HLA test result, although not conclusive, is highly probative on the issue of

paternity *(see, e.g., Matter of D'Elia v Curtis S.,* 183 AD2d 768; *Matter of Nancy M. G. v James M.,* 148 AD2d 714, 715) and such proof, when combined with petitioner's testimony, if credited, is sufficient to establish respondent's paternity by clear and convincing evidence *(see generally, Matter of Amy J. v Brian K.,* 161 AD2d 1022, *supra; compare, Matter of Terri OO. v Michael QQ.,* 132 AD2d 812). We have examined respondent's remaining contentions and find them to be lacking in merit.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the appeal from order entered January 6, 1992 is dismissed, without costs. Ordered that the appeal from order entered February 5, 1992 is affirmed, without costs.