■ In the Matter of OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DEBBY UU., Respondent, v JOHN VV., Appellant. [602 NYS2d 228] —Appeal from an amended order of the Family Court of Otsego County (Nydam, J.), entered July 9, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Debby UU.

Petitioner commenced this proceeding to establish that respondent was the father of a child born out of wedlock to Debby UU. (hereinafter the mother). Family Court granted the petition, prompting this appeal by respondent.

We reject respondent's contention that petitioner failed to meet its burden of proving paternity by clear and convincing evidence (see, Matter of Erin Y. v Frank Z., 163 AD2d 636). The medical evidence revealed that the child's birth was the result of a full-term pregnancy and established mid-August 1990 as the date of conception. The results of a human leucocyte antigen test revealed a probability of respondent's paternity at 99.94%. At the hearing the mother testified that she and respondent began going out in July 1990 and engaged in intercourse from that point on until September 1990. No birth control was used. This testimony, combined with the medical evidence established a pregnancy within the normal gestational period (see, Matter of Case v Robert EE., 167 AD2d 567), was sufficient, if believed, to support a finding of paternity (see, Matter of Erin Y. v Frank Z., supra). To the extent that there were any inconsistencies, they did not undermine the mother's testimony, especially in light of the convincing evidence of respondent's paternity (see, Matter of Pandozy v Bruce VV., 136 AD2d 841; Matter of Moon [Roscoe CC.], 105 AD2d 485). In addition, the fact that the mother admitted that she had protected intercourse with another man on one occasion in July 1990 was not necessarily fatal to the paternity proceeding (see, Matter of Amy J. v Brian K., 161 AD2d 1022; cf., Matter of Jane PP. v Paul QQ., 65 NY2d 994). This raised questions of credibility for Family Court to resolve and on the record before us we cannot say, as a matter of law, that the court erred in crediting the mother's testimony (see, Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z., 133 AD2d 882).

We also reject respondent's argument that Family Court erred in issuing an amended order. The court had initially dismissed the petition but "[u]pon a closer analysis of the existing law", vacated its previous order and granted the petition. The court acted well within its authority and we find nothing improper in the procedure used to amend the first order (see, CPLR 4404 [b]). Respondent's remaining arguments have been considered and rejected as unpersuasive.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the amended order is affirmed, without costs.