■ In the Matter of JOHN R. BEAUDOIN, as Rensselaer County Commissioner of Social Services, on Behalf of PATRICIA B., Respondent, v ROBERT A., Appellant. [606 NYS2d 402] —Per Curiam. Appeals (1) by permission, from an order of the Family Court of Rensselaer County (Perkinson, J.), entered October 8, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Patricia B., and (2) from an order of said court (Ceresia, Jr., J.), entered March 23, 1993, which denied respondent's motion to vacate the prior order.

This paternity proceeding was brought against respondent, the putative father, on behalf of Patricia B., a mother receiving public assistance (hereinafter the mother). Following a fact-finding hearing, Family Court rendered its decision and order which adjudicated respondent to be the father of a child born to the mother. Respondent filed a notice of appeal from that order and his subsequent request for leave to appeal to this Court was granted. Respondent also appeals from a subsequent Family Court order which denied his motion pursuant to CPLR 5015 (a) (2) to vacate the prior order upon the ground of newly discovered evidence.

After review of the record, we find that respondent's paternity was established by clear and convincing evidence *(see, Matter of Erin Y. v Frank Z.,* 163 AD2d 636). Medical evidence revealed that the child's birth occurred on April 5, 1983 following a full-term pregnancy. Medical testimony established the "window of conception" to be from June 25, 1982 through July 12 or 14, 1982. Results of a DNA probe analysis established a probability of paternity of 98.99%. Results of a combined red cell antigen and human leukocyte antigen (hereinafter HLA) test, which was taken in a prior paternity proceeding, established the probability of respondent's paternity at 99.32%.

The mother testified that she had unprotected sexual intercourse with respondent on one occasion in June or July 1982. Although there was evidence that she had sexual relations with one other man during the critical time period for conception, such proof is not fatal here *(see, Matter of Amy J. v Brian K.,* 161 AD2d 1022, 1023; *see also, Matter of Commissioner of Social Servs. [Robin FF.] v Ernest HH.,* 195 AD2d 738, 740)* because there was also evidence that the man could not be the child's father. Respondent did not dispute the fact that he and the mother had unprotected sexual intercourse on one occasion, but testified that it occurred in April or May 1982. Additionally, there was evidence of a handwritten document evincing respondent's willingness to support the child. Petitioner's testimony, coupled with the medical evidence, established a pregnancy within the normal gestational period *(see, Matter of Otsego County Dept. of Social Servs. [Debby UU.] v John VV.,* 196 AD2d 918; *Matter of Case [Vicki DD.] v Robert EE.,* 167 AD2d 567)* and was sufficient, if believed, to support a finding of paternity *(see, Matter of Erin Y. v Frank Z., supra).*

Respondent argues that Family Court erred by crediting certain witnesses' testimony over others or in resolving incon-

sistencies in the testimony in favor of petitioner. Issues of credibility are best resolved by Family Court, as it alone has the advantage of seeing and hearing witnesses firsthand *(see, Matter of Erin Y. v Frank Z., supra; Matter of Beaudoin [Sherry K.] v Steven L.,* 155 AD2d 728, *lv denied* 75 NY2d 707). Based upon a review of the entire record, it cannot be said that Family Court erred in crediting certain witnesses' testimony over others or in resolving inconsistencies in the witnesses' testimony in favor of petitioner *(see, Matter of Commissioner of Social Servs. [Robin FF.] v Ernest HH., supra).* Nor can it be said that the record, taken as a whole, compels a result other than that reached by Family Court *(see, Matter of Julie UU. v Joseph VV.,* 108 AD2d 1038, 1038-1039).

We also reject respondent's claim that Family Court erred in refusing to admit testimony and medical records of the mother's psychiatrist. The mother did not waive her psychiatrist-patient privilege, nor did she place her mental state in issue *(see,* CPLR 4504; *cf., Levine v Morris,* 157 AD2d 567). We further find no reversible error by virtue of the fact that Family Court admitted certain blood-grouping tests into evidence. The DNA probe analysis was properly certified and entered *(see,* CPLR 4518 [c]). Although it is arguable whether the combined red cell antigens and HLA test was properly certified, reversal is not required. The results of the DNA probe analysis yielding a 98.99% probability, while not conclusive, is, like other blood genetic marker tests admissible under Family Court Act § 532 *(see, Matter of Baby Girl S.,* 140 Misc 2d 299, 304), highly probative on the issue of paternity. Such proof, when combined with petitioner's other testimony, if credited, is sufficient to establish that respondent is the father of the child *(see, Matter of Commissioner of Social Servs. [Robin FF.] v Ernest HH., supra; see also, Matter of D'Elia [Edith B.] v Curtis S.,* 183 AD2d 768).

Family Court did not abuse its discretion in denying respondent's motion for relief pursuant to CPLR 5015 (a) (2). "A court order purporting to settle something as fundamentally important as the paternity of a child is not susceptible of vacatur" upon anything but "newly discovered evidence strongly indicative of a result different than the one previously reached" *(Matter of Rosa v Diaz,* 136 AD2d 512, 514; *see,* CPLR 5015 [a] [2]). Respondent's proof failed to meet this burden. Respondent's remaining contention, that Family Court erred in refusing to dismiss the proceeding for lack of fair notice, lacks merit *(see, Matter of Beaudoin v David RR.,* 152 AD2d 776, 777).

Weiss, P. J., Crew III, White and Casey, JJ., concur; Cardona, J., not taking part. Ordered that the orders are affirmed, without costs.