■ In the Matter of the STATE OF UTAH, on Behalf of PAMELA WW., Appellant, v ROBERT XX., Respondent. [609 NYS2d 703] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Family Court of Dutchess County (Bernhard, J.), entered July 31, 1991, which dismissed petitioner's application, in a proceeding pursuant to Domestic Relations Law article 3-A, to, *inter alia,* adjudicate respondent to be the father of a child born to petitioner.

This proceeding was commenced in Utah, pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), by the local social service department in Utah on behalf of Pamela WW. (hereinafter petitioner), seeking child support from respondent, who resides in Dutchess County, for a child born to petitioner in June 1989. Pursuant to Domestic

Relations Law § 37, a hearing was conducted in Family Court at which respondent testified. A transcript of respondent's denials of the allegations of the petition was transmitted to the Utah court where the proceeding was initiated (see, Domestic Relations Law § 37 [6]). Petitioner gave testimony in the Utah court, and that court transmitted the transcript of petitioner's testimony along with its recommendation in connection therewith to Family Court (see, Domestic Relations Law § 37 [7]). Contrary to the recommendation of the Utah court, Family Court found petitioner's testimony "incredulous" and dismissed the petition, resulting in this appeal by petitioner.

We find that the record contains clear and convincing evidence to support an adjudication of paternity and, accordingly, reverse Family Court's order and adjudge respondent to be the father of petitioner's child. The parties met in August 1988 at a Dutchess County mall parking lot and according to petitioner had unprotected intercourse each time they dated. Petitioner denies having intercourse with anyone else during the period of the parties' relationship, which ended in November 1988. A short time later petitioner moved to Utah and in June 1989 the child was born. Respondent admits that he dated petitioner on four or five occasions over a two-month period in the summer of 1988, but denies ever having had sexual relations with her or that she ever told him she was pregnant. An HLA test ordered by Family Court showed the probability of respondent's paternity to be 97.7%.

We find that the HLA test result of 97.7% made it "very likely" that respondent is the child's father (see, 1 Schatkin, Disputed Paternity Proceedings § 8.13, at 161-162 [1992 supp]). Although HLA test results are not conclusive on the issue of paternity, they are "highly probative" (Matter of Commissioner of Social Servs. v Ernest HH., 195 AD2d 738, 740) and " 'highly accurate' " (Matter of Commissioner of Franklin County Dept. of Social Servs. v Clarence F., 117 AD2d 877, 878), and lesser percentages than 97.7% have been relied on in other cases (see, e.g., Matter of Commissioner of Social Servs. of Saratoga County v David X., 186 AD2d 871 [95.6%]; Matter of Amy J. v Brian K., 161 AD2d 1022 [95.97%]). We conclude, therefore, that Family Court erred in giving little or no weight to the HLA test results.

Although Family Court is generally in the best position to evaluate and resolve issues of credibility, as it alone has the advantage of seeing and hearing witnesses first hand (see, Matter of Erin Y. v Frank Z., 163 AD2d 636, 637), Family

Court had no such advantage with respect to petitioner, who testified before the Utah court which found her testimony credible. The record also contains photographs which tend to support petitioner's testimony about the nature of her relationship with respondent and are inconsistent with respondent's denials of any relationship. Our review of the record establishes that petitioner met the burden of establishing respondent's paternity by the necessary clear and convincing evidence.

Cardona, P. J., Crew III, Weiss and Peters, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, petition granted, respondent is adjudged to be the father of the child born to Pamela WW. and matter remitted to the Family Court of Dutchess County for further proceedings not inconsistent with this Court's decision.