■ In the Matter of SHIRLEY HARVEY-COOK, as Orange County Commissioner of Social Services, on Behalf of MARGA-

RET W., Respondent, v KEVIN X., Appellant. [611 NYS2d 702] — Cardona, P. J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Family Court of Orange County (Bivona, J.), entered October 29, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Margaret W.

On February 28, 1989, Margaret W. gave birth to a daughter. Margaret met respondent in the beginning of the summer of 1987 and began a sexual relationship with him around the same time. Margaret testified that her last menstrual period preceding the child's birth was in May 1988. As in most paternity cases, the parties differed on when acts of sexual intercourse occurred. Respondent indicated that the last act of sexual intercourse occurred in April 1988. On the other hand, Margaret testified that she also had intercourse with respondent during June and July 1988. Following a fact-finding hearing, Family Court rendered its decision and order which adjudicated respondent to be the child's father. Respondent appeals and we affirm.

Initially, we note that no appeal lies of right from an order of filiation entered in a proceeding in which an order of support is requested (Family Ct Act § 1112 [a]; see, Matter of Jane PP. v Paul QQ., 64 NY2d 15; Matter of Beaudoin v William HH., 157 AD2d 995, 996). Rather than dismiss, we treat respondent's notice of appeal as an application for leave to appeal and grant respondent permission to appeal.

The record indicates, and we find, that paternity was established by clear and convincing evidence (see, Matter of Erin Y. v Frank Z., 163 AD2d 636). Issues of credibility are best determined by the trial court as it has the advantage of observing and evaluating the witnesses (see, Matter of Beaudoin v Robert A., 199 AD2d 842). Family Court found Margaret's testimony to be credible and honest and found the testimony of respondent to be incredible. In this case, we cannot say that Family Court erred in crediting the testimony, nor can it be said that this record compels a different result (see, Matter of Beaudoin v Robert A., supra).

Furthermore, contrary to respondent's claim, medical testimony was unnecessary because there was no material deviation from the normal gestational period (see, Matter of Case v Robert EE., 167 AD2d 567). As previously indicated, the child was born on February 28, 1989, the last menstrual period preceding the child's birth was in May 1988 and the normal

gestational period ranges from 265 to 299 days. Margaret testified that she did not have sexual intercourse with anyone during May 1988 and only had intercourse with respondent during June 1988. Simply, Margaret's testimony relating to the time of her last period and when she had sexual intercourse with respondent was sufficient to establish a pregnancy within the normal gestational period *(see, Matter of Commissioner of Social Servs. of Saratoga County v Andrew X.,* 195 AD2d 711).

Respondent further argues that the finding of paternity must be reversed because of admitted acts by Margaret of sexual intercourse with others. The fact that others may have had sexual intercourse with the mother is not always fatal *(see, Matter of Beaudoin v Robert A., supra)* and, in this case, Margaret's testimony, credited by Family Court, was sufficient to negate sexual relations with other men during the critical time period.

White, Casey, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, without costs.