■ In the Matter of ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of SOPHIA LL., Appellant, v CLAR-

ENCE KK., Respondent. [621 NYS2d 114] —Mikoll, J. P. Appeal from an order of the Family Court of Albany County (Marinelli, J.), entered May 5, 1993, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Sophia LL.

Petitioner commenced this proceeding seeking an adjudication that respondent is the father of a child born to Sophia LL. on September 8, 1987 and for an order of support. After a paternity hearing, Family Court found that the mother's testimony was not credible and the court discredited it. The mother had placed the crucial date of sexual access as being December 31, 1986. Her child was born 14 days earlier than the normal gestation period. Family Court found it significant that no expert testimony was presented to explain the plausibility of a birth which occurs in a shorter gestational period *(see, Matter of Harvey-Cook [Margaret W.] v Kevin X.,* 204 AD2d 793). Respondent denied paternity, contending that his relationship with the mother ended the prior fall after she disclosed to him that another child born to her while they lived together was not his. Significantly, too, the mother did not seek support from respondent for this child. Family Court then concluded that the human leucocyte antigen test showing a 99.99% probability reading was inconclusive and held that petitioner failed to establish paternity by clear and convincing evidence.

Clear and convincing evidence is a prerequisite of paternity *(see, Matter of Erin Y. v Frank Z.,* 163 AD2d 636, 637). Where evidence is conflicting, the findings of the trial court, sitting as trier of fact, are accorded great weight *(Matter of Beaudoin [Patricia B.] v Robert A.,* 199 AD2d 842). It is only when the evidence presented compels a different result should the findings be ignored *(see, Matter of Nancy M. G. v James M.,* 148 AD2d 714, 715).

In view of the discrediting of the mother's testimony and the absence of expert evidence as to gestation, the human leucocyte antigen test cannot provide the sole basis for declaring paternity *(see, Matter of Julie UU. v Joseph VV.,* 108 AD2d 1038, 1039).

Crew III, White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.