■ In the Matter of St. Lawrence County Department of Social Services, on Behalf of Julie D., Respondent, v Terry E., Appellant. [645 NYS2d 171] —Spain, J. Appeal from an order of the Family Court of St. Lawrence County (Rogers, J.), entered February 22, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Julie D.

An earlier paternity proceeding, which alleged that Richard M. was the biological father of the child born to Julie D. (hereinafter the mother) on May 28, 1990, was dismissed when Richard M. was excluded as the father by a blood genetic marker test. Thereafter, petitioner commenced the instant proceeding on behalf of the mother alleging that respondent is the biological father of the child. After a paternity hearing Family Court found that clear, convincing and satisfactory evi-

dence, in the form of credible testimony of the witnesses and the results of blood tests, existed to support a determination that respondent is the father. Respondent appeals.

We affirm. The mother testified at the hearing that she and respondent had unprotected sexual relations twice in July 1989 and also on August 12, 1989 and August 29, 1989. She also testified that she had unprotected sexual relations with Richard M. in August 1989, and with respondent's twin brother on June 9, 1989 and June 10, 1989. The mother recalled that she had her last menstrual period on August 15, 1989 and stated that prior to that her menstrual cycle was regular. Petitioner also introduced into evidence, without objection, the results of blood tests performed on the blood of both parties and that of the child; the HLA test indicated the probability of respondent's paternity to be 97.03% and the DNA analysis indicated a probability of respondent's paternity to be 99.79%. The blood test results excluding Richard M. were also received in evidence without objection.

In response respondent offered the testimony of six witnesses, including himself. A friend of the mother's testified that in early October 1989 the mother told her that she was unsure as to who was the father of the child, although it could be respondent's twin brother, Richard M. or a man named Joe; she also testified that the mother stated that respondent was not the father. Richard M.'s wife, a former co-worker of the mother's, testified that the mother indicated that the father was either Richard M. or respondent. Another co-worker testified that he overheard conversations in which the mother stated that she was unsure who the father was, but that the father was either Richard M. or respondent. Respondent's girlfriend testified that in the first part of September 1989, the mother told her that she was pregnant and that the father could be respondent, respondent's brother, Richard M. or Joe; she also testified that the mother later stated that she knew the baby was Richard M.'s and that she did not think that respondent was the father.

Respondent's brother testified that he and the mother had unprotected sexual relations in early July 1989, approximately two weeks thereafter and again in late August 1989. However, although he stated that he had been in the mother's bedroom on five occasions, he was unable to give a description of the room other than the fact that it was square, approximately 14 feet × 14 feet and contained a bed, the size of which he did not recall. Respondent testified that he is a recovering drug addict and alcoholic and that during the months of July and

August 1989 he was heavily abusing alcohol. He further testified that to the best of his recollection he had sexual relations with the mother on four occasions during July and August 1989. On rebuttal the mother described her house and the contents of her bedroom and stated that at no time did she state that the father could be anyone other than respondent or Richard M. At the close of respondent's evidence petitioner moved to strike the testimony of respondent's brother pursuant to Family Court Act § 531 as uncorroborated; Family Court reserved decision and later granted the motion.

Initially, we reject respondent's contention that sufficient corroboration was adduced at the hearing to support a determination that respondent was not the father of the child. Clearly, Family Court was presented with conflicting and inconsistent testimony regarding statements allegedly made by the mother and the dates that the mother engaged in sexual relations with different men. It is well settled that a determination of paternity rests essentially upon a resolution of the credibility of the parties (*see, Matter of Otsego County Dept. of Social Servs. v Thomas N.*, 137 AD2d 892). Because questions of credibility are best resolved by the trial court, which has the opportunity to observe the demeanor of the witnesses, its findings with respect to credibility issues are entitled to great weight (*see, Matter of Sullivan County Dept. of Social Servs. v Praytush O.*, 223 AD2d 972, 974; *Matter of Albany County Dept. of Social Servs. v Clarence KK.*, 210 AD2d 754; *Matter of Westchester County Dept. of Social Servs. v Jose C.*, 204 AD2d 795, 797; *Matter of Beaudoin v Robert A.*, 199 AD2d 842).

Notably, Family Court found the mother's testimony to be credible; she admitted having sexual relations with two men, respondent and Richard M., during the critical period of conception and Richard M. has been excluded. Although respondent's brother testified that he had sexual relations with the mother during that critical period, she denied it and Family Court found his testimony to be "not credible". Furthermore, Family Court correctly granted petitioner's motion to strike the brother's testimony because it was not corroborated (*see*, Family Ct Act § 531; *see also, Matter of Westchester County Dept. of Social Servs. v Jose C., supra; Matter of Commissioner of Social Servs. v David X.*, 186 AD2d 871). In our view, the evidence adduced at the hearing, including the testimony of the mother and the highly probative results of the blood tests (*see, Matter of State of Utah v Robert XX.*, 203 AD2d 648; *Matter of Commissioner of Social Servs. v Ernest HH.*, 195 AD2d 738), amply supports Family Court's determination.

Finally, upon review of the entire record, we conclude that respondent's contention that he was prejudiced by ineffective assistance of counsel is without merit.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.