■ In the Matter of DUTCHESS COUNTY COMMISSIONER OF SOCIAL SERVICES, Appellant, on Behalf of SINETRA McC., As-

signor, v GERALD H., Respondent. [647 NYS2d 957] —In a proceeding pursuant to Family Court Act article 5 to establish paternity, the petitioner appeals (1) from a decision of the Family Court, Dutchess County (Brands, J.), which determined the motion of Gerald Harrison to dismiss the petition, and (2) from an order of the same court, entered April 10, 1995, which granted the motion of Gerald Harrison to dismiss the petition. The petitioner's notice of appeal from the decision dated March 13, 1995, is also deemed a notice of appeal from the order entered April 10, 1995 (see, CPLR 5520 [c]).

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the order is affirmed, without costs and disbursements.

The burden of proof in a paternity proceeding rests upon the petitioner, who must "establish paternity by 'clear and convincing' evidence which is 'entirely satisfactory' and creates a genuine belief that respondent is the father of the child" (Matter of Commissioner of Social Servs. [Patricia A.] v Phillip De G., 59 NY2d 137, 141-142, quoting Matter of Lopez v Sanchez, 34 NY2d 662). While the results of the human leucocyte antigen (HLA) test are highly probative, they are not conclusive (see, Matter of Nancy M. G. v James M., 148 AD2d 714; Matter of Denise H. v John C., 135 AD2d 816).

Here, the record reveals that the court did not err in dismissing the petition based on petitioner's failure to sustain its burden of proof (see, Delay v Rhinehart, 176 AD2d 1211; People v Garafalo, 44 AD2d 86).

We have reviewed the petitioner's remaining contentions and find them to be without merit (see, Matter of Joanne O. v Andrew H. W., 87 AD2d 615; Matter of Albany County Dept. of Social Servs. [Sophia LL.] v Clarence KK., 210 AD2d 754; Kapinos v Alvarado, 143 AD2d 332). Thompson, J. P., Altman, Hart and Florio, JJ., concur.