■ In the Matter of NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of BRIDGETTE C. O., Respondent, v WENDELL R., Appellant. (Appeal No. 1.) [649 NYS2d 263] —Order unanimously affirmed without costs. Memorandum: On January 22, 1994, Bridgette C. O. gave birth to full-term twins. Thereafter, petitioner Niagara County Department of Social Services filed a petition in Family Court alleging that respondent is the father of the children. Following a hearing, an order of filiation was entered adjudicating respondent the father.

We reject the contention of respondent that petitioner failed to establish his paternity by clear and convincing evidence. Where a blood genetic marker test indicates at least a 95% probability of paternity, the admission of the test results creates a rebuttable presumption of paternity (*see,* CPLR 4518 [d]). The results of the HLA blood tests established the probability of respondent's paternity at 99.76% with respect to one child, and 99.34% with respect to the other child. Although the mother testified that she had sexual intercourse on one occasion with a man other than respondent during the critical time period, that alone does not rebut the presumption of paternity. It is well settled that "[w]hile proof of sexual relations with others during the critical time period, even where coupled with a very high probability HLA test result, may cause an insufficiency in proof * * * such proof is not necessarily fatal to [the] paternity proceeding" (*Matter of Amy J. v Brian K.,* 161 AD2d 1022, 1023; *see, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994; *Matter of Commissioner of Social Servs. of City of N. Y. [Celia D.] v Hector S.,* 216 AD2d 81; *Matter of Beaudoin [Patricia B.] v Robert A.,* 199 AD2d 842; *Matter of Otsego County Dept. of Social Servs. [Debby UU.] v John VV.,* 196 AD2d 918; *Matter of Commissioner of Social Servs. [Robin FF.] v Ernest HH.,* 195 AD2d 738). The uncontroverted testimony of the mother that she and respondent engaged in sexual intercourse on two occasions during the critical time period and the very

high probability of respondent's paternity as evidenced by the HLA tests establish respondent's paternity by clear and convincing evidence.

The failure to produce evidence, such as a blood test, that would preclude the possible paternity of the other man with whom the mother had sexual intercourse during the critical time period does not, as respondent contends, necessitate reversal. To hold otherwise would make proof of paternity impossible in all cases where the other man is not available. The high probability of paternity as evidenced by the HLA tests here is sufficient even in the absence of evidence precluding paternity of the other man (*see generally, Matter of Constance G. v Herbert Lewis L.,* 119 AD2d 209, 212, *lv dismissed* 70 NY2d 667).

We reject the further contention of respondent that the court erred in admitting the results of the HLA tests. The HLA tests were properly certified by one of the directors of the testing laboratory (*see,* CPLR 4518 [d]).

Finally, we have considered respondent's remaining contention and conclude that it is without merit. (Appeal from Order of Niagara County Family Court, Crapsi, J.—Child Support.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.