■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, as Assignee of CHALISE B., Appellant, v COREY A., Respondent. [658 NYS2d 20] —Order, Family Court, New

York County (Sheldon Rand, J.), entered on or about June 27, 1995, dismissing petitioner's application for a finding of paternity and an award of child support against respondent, without prejudice to refiling should blood genetic marker tests exclude the paternity of one Maurice W., unanimously reversed, on the law and the facts, without costs, the petition is granted, and the matter is remanded for further proceedings.

The record reveals that the petitioner established the respondent's paternity by clear and convincing evidence (*see, Matter of Commissioner of Social Servs. of City of N. Y. [Celia D.] v Hector S.*, 216 AD2d 81). Where a blood genetic marker test indicates at least a 95% probability of paternity, the admission of the test results creates a rebuttable presumption that the tested individual is the father of the child (CPLR 4518 [d]). Here, the results of the HLA blood test established the probability of respondent's paternity at 99.82%. While the mother indicated in a letter and in a portion of her testimony that she had sexual intercourse with another man during the critical time of probable conception, the trial court found her testimony not to have been candid, and the record reveals that it was self-contradictory as to this issue. However, even if credited, evidence of sexual relations with others during the critical time period does not alone rebut the presumption of paternity created by the very high probability of paternity established by the blood genetic marker test (*Matter of Niagara County Dept. of Social Servs. [Bridgette C. O.] v Wendell R.*, 233 AD2d 949). Moreover, it was the uncontested testimony of both the mother and the respondent that they were living together and engaging in sexual relations on a daily basis at the probable time of conception.

It was also an improvident exercise of the trial court's discretion to have ordered a blood test to preclude the possibility that Maurice W. was the father of the child (*see, Matter of Jeanne C. v Peter W. D.*, 134 AD2d 779, *lv dismissed* 71 NY2d 994 [testing of petitioner's husband, from whom she had separated, not required to exclude his paternity]). Maurice W. is not a party to the present proceedings, and requiring him to submit to a blood test under these circumstances would require that he be joined as a party respondent, in effect directing the mother to file a petition against someone about whom she has no good faith belief of paternity (*compare, Matter of Richard W. v Roberta Y.*, 212 AD2d 89, 90-91). Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Andrias, JJ.