■ GINA P., Respondent, v STEPHEN S., Appellant. [776 NYS2d 266]—

Order, Family Court, New York County (Susan R. Larabee, J.), entered on or about March 27, 2003, which denied respondent's motion to vacate an order of filiation entered upon default, unanimously affirmed, without costs.

The order of filiation was entered upon respondent's failure to appear at the hearing on the paternity petition. Respondent then moved to vacate the order of filiation, which motion was granted to the extent of directing a hearing on the reliability of the DNA test showing a 99.99% probability of respondent's paternity. After the hearing, Family Court refused to vacate the order of filiation, finding that even if the test were given the best possible reading from respondent's point of view, there was still a 95% probability of his paternity. We reject respondent's argument that Family Court "culled" from his expert's testimony "an artificial 95% probability of paternity," i.e., the minimum probability that can support a presumption of paternity (Family Ct Act § 532 [a]). The expert's testimony was clear that flaws in the test report, while significant, could be factored into the calculation of probability to yield a reliable result. In addition, respondent admitted that he had intercourse with petitioner during the likely period of conception, and, although respondent's evidence that petitioner had intercourse with other men during this period was at best speculative (see Family Ct Act § 531), the presumption of paternity created by the test result would not have been rebutted even if she did (see Matter of Commissioner of Social Servs. v Corey A., 239 AD2d 286 [1997]). Nor is a break in the chain of custody indicated by the fact that the sample collector certified on February 1 that she drew, collected, packaged and sealed the samples on February 2. Respondent offered no evidence on this discrepancy at the hearing, which, on this record, appears to be a simple clerical mistake. In any event, respondent also failed to show a reasonable excuse for his failure to appear at the hearing on petitioner's application (22 NYCRR 202.27 [a]; see Matter of Maynard v Cody, 282 AD2d 537 [2001]). Under the circumstances, including respondent's many other failures to appear on scheduled court dates, the entry of an order of filiation on default would have been appropriate even if the DNA test result were unreliable. Concur—Nardelli, J.P., Lerner, Friedman and Gonzalez, JJ.